JAMES W. MILLER *v.* HORACE G. BULKLEY.

1. RES ADJUDICATA.   *Sale of chattel.   Suit for price.   Breach of warranty.*
   Where the seller sued for the price of a chattel and the buyer
   pleaded a breach of warranty in defense, a judgment in plaintiff's
   favor will bar any subsequent action by the buyer for a breach of
   the warranty.

2. SAME.   *Replication to plea of.   How plea tried.*
   A replication to a plea of *res adjudicata* alleging that the issues
   tried in the prior action were not those involved in the pending
   suit presents no issue of fact for a jury, since the plea must be
   tried upon the record presented.

FROM the circuit court of Adams county.

HON. MOYSE H. WILKINSON, Judge.

Miller, the appellant, was plaintiff in the court below; Bulk-
ley, the appellee, was defendant there.   From a judgment in de-
fendant's favor the plaintiff appealed to the supreme court.

In August, 1902, plaintiff ordered an automobile from de-
fendant, the price of which was $425, of which $100 was paid.
After some correspondence between the parties—Miller wanting
to test the machine in a certain way before paying for it, and
Bulkley declining to allow the test made as requested—Miller,
claiming that he had declined to accept the machine, brought
suit in a justice of the peace's court against Bulkley to recover
the $100 paid, where he recovered, and Bulkley appealed to the
circuit court.   Bulkley also brought suit against Miller to re-
cover $325, the balance of the purchase money.   Both cases were
by consent tried together, and resulted in a verdict and judgment
for Bulkley for the balance of the purchase money demanded.
After the judgment in the other cases, Miller brought this suit
against Bulkley to recover the money paid for the automobile,
alleging a breach of warranty.   Bulkley filed, among other
pleas, a plea of *res adjudicata*.   To this plea plaintiff filed a
replication as follows: "And the said plaintiff, to the said plea

of the said defendant by him thirdly pleaded, saith *precludi non,* etc., because the said plaintiff saith that the said several promises and undertakings in the plaintiff's said declaration mentioned were not, nor was any or either of them, any of or any one of them, the same identical promises or undertakings as those, or any of those, in the said third plea mentioned, and for and in respect whereof the said supposed judgment in the said plea mentioned was recovered, in manner and form as the said defendant hath above in his said plea alleged. And this the said plaintiff prays may be inquired of by the country." Defendant demurred to this replication, and the court sustained the demurrer, and plaintiff then filed another replication. The issue thus joined on the plea was tried by the court, resulting in the plea of *res adjudicata* being sustained.

*K. P. Lanneau,* and *Reed & Brandon,* for appellant.

The circuit court erred in rendering the order sustaining the defendant's demurrer to the plaintiff's replication to the defendant's third plea to the declaration, being a plea of *res adjudicata.*

That a judgment is of record in the former suit between Miller and Bulkley, and that said judgment is in favor of Bulkley, is not denied or attempted to be denied by Miller; but by his replication, which is demurred to, Miller intends to deny, and does deny, that a judgment for "the same cause of action" has ever been rendered against him. By this replication a question of fact for the jury is raised. The right to present evidence and testimony before the jury in support of the same is claimed.

In 3 Chitty on Pleadings (ed. 1851), in the chapter on Replications in Assumpsit, sec. 1158, we find the following form, authority, and precedent:

(*Precludi non,* as ante, 1145.) "Because he saith that the said several promises and undertakings in the said declaration mentioned were not, nor was any or either of them, any of or any one of the same identical promises and undertakings as those or any of those in said plea mentioned, and for and in

respect whereof the said supposed judgment in the said plea mentioned was recovered, in manner and form as the said defendant hath above in his said plea alleged. And this the said plaintiff prays may be inquired of by the country," etc.

We now ask that this court will compare our replication with the foregoing form, and it will appear that the form has been strictly followed. We know of no higher authority upon the correct form of pleadings than Chitty, and are not aware that any later or better authority exists to support the claim that the above form is incorrect. The defendant says plaintiff does not by said replication deny that the supposed judgment was rendered in and for the same cause of action. We repeat that we do deny it, and Chitty said that the form used is the proper form of replication to a plea of judgment recovered denying that it was for the same cause of action. The plaintiff knew what he wished to deny, and selected for said purpose an approved form. It was for him, and not for the defendant, to say what he wished to deny; and we submit that the circuit court gravely erred in sustaining the demurrer and restricting the plaintiff to a replication in a different manner and form, when viewed from the standpoint of facts which the plaintiff denies and of facts he offers in his replication to prove, when he prays that the matter may be inquired of by the country.

By sustaining said demurrer to plaintiff's replication the court deprived the plaintiff of his right to introduce parol testimony in support of the fact that the cause of action in this suit is not the same as in the former suit. There is abundant authority to the effect that under this replication such testimony is proper and admissible. In fact, in this case it was really necessary for the enlightenment of the court. We ask the court to read the notes and authorities cited in 21 Am. & Eng. Ency. Law (1st ed.), 191, 192. We quote partially, "Parol evidence is admissible to show what was settled in the former suit," referring to evidence of what was adjudicated under the plea of *res adjudicata.*

In the former litigation the cause of action from Miller's point of view was his right to rescind an executory contract of purchase of a certain automobile ordered of Bulkley, on account of the latter's refusal and failure to submit the machine to a required test before delivery and payment, and his further right upon such rescission to recover back from Bulkley $100 advanced on the purchase price; and, conversely, the cause of action from Bulkley's point of view was his right to deliver the automobile and collect the balance of $325 of purchase price without submitting the machine to the test required by Miller.

The judgment simply amounts to an adjudication to the extent and effect that Miller must accept the automobile and pay the balance of $325 of purchase price, without the test he demanded having first been made, and that it was not incumbent on or the duty of Bulkley to allow Miller to make said test or to part with possession of the machine until said balance of purchase price was paid. The machine then, pursuant to the effects of said judgment, was delivered to Miller and was by him paid for, without having been first subjected to the test required by Miller—viz., of being run over the streets of the city of Natchez for a couple of days by his employe to demonstrate its capacity, suitableness, etc., for the purposes of a delivery wagon.

The cause of action in the present suit on appeal is based upon the alleged facts that, after having received and paid for said machine pursuant to said judgment against him, and without its having first been subjected to the test required, he, the said Miller, subsequently and on more than one occasion subjected said machine to a reasonable and proper test, and found that it was not adapted to nor reasonably suitable, fit, or proper for use in the delivery of groceries, etc., and not of sufficient power to propel itself and the deliveryman and load of groceries through the streets of the city of Natchez, etc.; that the said Bulkley, as a part of his contract, undertook and promised and warranted that said machine would be suitable, fit, proper, and adapted for the purposes aforesaid, and that the

order was given on that understanding; that a breach of warranty had occurred, and thereupon, and as a cause of action, the present suit was instituted to recover for breach of warranty.

It must be manifest to this court that from the very nature of things the cause of action in the former proceedings is different from that in the present suit. The cause of action upon a breach of warranty had not arisen at the date of the trial of the former suits; it could not have arisen until the machine was delivered and subjected to a trial and test, and found not adapted, fit, suitable, and not of sufficient power to propel itself and load of groceries.

*E. H. Ratcliff,* and *C. Pintard,* for appellee.

The plea of *res adjudicata* was based on the record and prays that it be tried by the record. The first replication does not admit or deny the judgment, but avers that the said several promises and undertakings in the said declaration mentioned were not, nor was any or either of them, any other or any one of the said identical promises or undertakings as those or any of those in the said third plea mentioned, etc., and concludes to the country, which, if correct, would entitle the plaintiff to a trial by jury. This replication was demurred to under the authority of *Agnew* v. *McElroy,* 10 Smed. & M., 552. In this case the court held that in an action of assumpsit, where the question was between the same parties and same cause of action in an action of trover, the matter was *res adjudicata,* and this decision was rendered when the common-law pleadings were strictly adhered to and before the different common-law actions were virtually abolished. The court, in the case of *Agnew* v. *McElroy,* says: "It is not at this day to be doubted but that a judgment between the same parties for the same cause of action is conclusive between them. The principal consideration is whether it be principally the same cause of action in both appearing by the proper averments in a plea or by proper facts

stated in a special verdict in a special case. It is immaterial that the form of the action is different if the cause be the same. The party is not precluded from showing that the latter suit is for another and different cause, if the fact be the same. By pleading the former judgment specially, the plaintiff is driven to take issue on a single point and admit or deny the judgment or deny that it was for the same cause of action." 3 Chitty on Pleading, note 929, also 1159, cited in *Agnew* v. *McElroy, supra*. Tried by this standard, the replication in this instance was bad. It does not admit the judgment and deny that the cause of action was the same, but it denies that the merits of the present suit were tried and determined in the former. This does not come up to the point, because the true question is whether the merits of the second suit were involved and might have been tried in the former action.

By reference thereto it will be seen that the notice of special matter to be offered in evidence upon the general issue, which was filed by Miller in the former suit, contains the same identical matter as the declaration in the instant case and raises the same issue. The notice of special matter contains the following: "That in the written correspondence between the parties, and also by reason of the nature of the contract for the construction of a wagon suitable for defendant's purposes, plaintiff agreed to submit the machine to any test that defendant might desire." The declaration in this case contains almost the identical language.

Here we have the same cause of action, viz.—the alleged failure of Bulkley to submit the machine to a reasonable test. This issue, as shown by the pleading, could have been tried, and the letters introduced by Miller show that it was tried, by the jury in the former suit, and Miller is now estopped from trying the issue a second time. It is shown beyond controversy, by Bulkley's letter to Miller of February 6, 1903, that a test of the machine had been made by a representative of Miller's, and that Miller himself had seen it operated.

"The true test is whether the same cause of action was litigated and adjudged in the former suits. The form of the action may be different, but the grievance and wrong complained of must be the same in both suits." *Perry* v. *Lewis,* 49 Miss., 443; *Agnew* v. *McElroy,* 10 Smed. & M., 552.

The test in this class of cases is whether the evidence which would support the one case would sustain the other. *Green* v. *Bank,* 73 Miss., 542; Bigelow on Estoppel, sec. 79.

There is no case in this state that in the least, even by implication, changes this law. The case of *Green* v. *Bank, supra,* is the latest decision on this question in this state, and it sustains all previous decisions.

TRULY, J., delivered the opinion of the court.

The judgment of the court in sustaining the plea of *res judicata,* as presented by the record, was manifestly correct. The identical question arising upon the same contract had already been adjudicated in another suit between the same parties, in the same tribunal, at a previous term; and the judgment in the former suit, which was adverse to the appellant, had been satisfied and paid. Every element necessary to constitute a prior adjudication exists in this record. This is conclusive against the appellant. The contention of appellant that an issue of fact necessitating a submission to the jury was raised by his replication to the plea of *res adjudicata* filed by the appellee is untenable, and does violence to well-established rules of pleading. The plea of *res adjudicata* must be tried by, and decided solely upon, the record as presented.

*Affirmed.*