SUMRALL MOTOR CO. *v.* CREEL.

(Division A. Oct. 13, 1930.)

[130 So. 151. No. 28842.]

**W. J. Hatten,** of Sumrall, and **D. T. Currie,** of Hatties-burg, for appellant.

**J. T. Garraway,** of Purvis, for appellee.

**Cook, J.,** delivered the opinion of the court.

This was an action in trover brought by the appellee to recover the value of an automobile which the appellant had taken from the possession of the appellee and converted to its own use; and, from a judgment in favor of the appellee for the value of the automobile, and for the reasonable value of the use thereof from the date of the alleged wrongful taking to the date of the trial in the court below, this appeal was prosecuted.

The evidence of the respective parties tending to establish the ownership and right to the possession of the automobile was sharply conflicting, and it was proper to submit that issue to the jury. The appellant, however, complains of certain alleged errors in the instructions granted to the appellee, and of the refusal of an instruction requested by it.

The amount sued for was largely in excess of the reasonable value of the automobile, and the use thereof for the period of time involved, as shown by the evidence; and the court instructed the jury, in effect, that, in the event they found that the automobile in question was the property of the appellee at the time the appellant took and appropriated it, they should return a verdict for the appellee for the reasonable value of the automobile, and also the reasonable value of the use thereof, not to exceed the amount sued for. These instructions do not take into account any question of fraud, malice, oppression, or willful wrong, either in the taking or conversion, and the rule is: "That in actions for taking and detaining personal property, where no question of fraud, malice, oppression (or wilful wrong, either in the taking, or detention) intervenes, the measure of damages is the value of the property at the time of the taking, or conversion, or illegal detention, with interest thereon to the time of trial." Whitfield v. Whitfield, 40 Miss. 352;

Bickell v. Colton, 41 Miss. 368; Jamison v. Moon, 43 Miss. 598; Taylor v. Morton, 61 Miss. 24; Ingram Day Lumber Co. v. Robertson, 129 Miss. 365, 92 So. 289. In the case of Whitfield v. Whitfield, supra, it is said that under this rule "may be embraced all cases where the defendant, neither in the taking nor in the detention or disposition of the property, has been guilty of any wilful wrong, but acts in good faith, and with no intent injuriously to affect plaintiff's rights."

When there are circumstances of malice, fraud, oppression, or willful wrong in the trespass, detention, or conversion, damages other than interest on the value of the property at the time of the taking, or conversion, are recoverable; but no such issues were submitted to the jury by the instructions granted to the appellee, and since the measure of damages which the jury was required by these instructions to apply was erroneous, the verdict must be reversed. The appellant also complains of the second instruction granted to the appellee on the ground that it assumes that the automobile was the property of the appellee at the time it was taken from his possession. Upon this point the language of the instruction is subject to criticism, and it should be clarified; but we think it may be construed as requiring the jury to believe from the preponderance of evidence that the automobile in question was the property of the appellee when it was taken and appropriated by the appellant, and, consequently, upon this point of criticism, there is no reversible error in the instruction.

The appellant also complains of the refusal of an instruction requested by it. Conceding, for the purpose of this decision, that this instruction correctly announced principles of law applicable to the facts, its refusal constituted no reversible error, for the reason that all the points attempted to be submitted to the jury thereby were sufficiently covered by other instructions granted.

266

However, for the error indicated in the appellee's instructions, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.