## LATIMER v. STUBBS et al.

(Division A. March 18, 1935.)

[159 So. 857. No. 31556.]

(Division A.  June 10, 1935.)

[161 So. 869.  No. 31556.]

**Ray & Spivey**, of Canton, and **C. M. Murphy**, of Belzoni, for appellant.

T. H. Watkins, of Jackson, for appellant, S. W. Latimer.

440

May, Sanders, McLaurin & Byrd, of Jackson, for appellees.

Flowers, Brown & Hester, of Jackson, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The case presented by the record is, in substance, this: The appellees are engaged at Walnut Grove, Mississippi, in buying and selling cotton under the trade-name of the Stubbs Company; their custom being to buy cotton direct from producers and to ship it to the Compress of Union, a corporation, at Union, Mississippi, to be compressed and stored. The cotton is shipped by rail, consigned to the shipper's order; and the custom is for the railroad company to deliver the cotton to the compress for storage, which issues receipts therefor, but retains them for surrender to the shipper or his assignee on presentation of the railroad bill of lading. Included in the cotton so shipped by the appellees and dealt with by

the compress company were seventy-five bales, for which the compress company made out a separate receipt for each bale, and retained them awaiting the surrender of the bills of lading therefor. These receipts acknowledge the receipt of the cotton from the "Stubbs Company," and stipulate that "upon the return of this receipt properly endorsed . . . said one bale of cotton will be delivered to the above named depositor or his order."

The appellees have not surrendered the bills of lading for the cotton, but still have them, and have not authorized any one to receive the cotton from the compress. One Hanna wrongfully, and without the knowledge of the compress company, obtained possession of the receipts for these seventy-five bales of cotton and sold the cotton to S. W. Latimer and delivered to him the receipts therefor, who then sold the cotton to Cook & Co. of Memphis, Tennessee. The receipts were not indorsed by the appellees, but were indorsed by Latimer after his purchase of the cotton. The compress company delivered thirty bales of the cotton to Cook & Co. on the presentation by them of the receipts therefor, and thereafter received from Cook & Co. the receipts for the remaining forty-five bales, with the request that they be shipped to them. This the compress company declined to do, for the reason that it had then discovered that the receipts had been wrongfully taken from its possession. The receipts for the forty-five remaining bales were returned by Cook & Co. to Latimer, who then refunded to them the money paid him therefor. The appellees then instituted this suit against the compress company, Latimer, and Cook & Co., praying for the delivery to them, by the compress company, of the forty-five bales of cotton still in its possession, and for a judgment against it and the other defendants for the value of the thirty bales of cotton which the compress company had de-

livered to Cook & Co. No process was served on Cook & Co., and they did not appear. Latimer denied liability and made his answer a cross-bill, praying therein for the delivery of the forty-five bales of cotton to him. The compress company admitted liability to the appellees for the thirty bales of cotton delivered by it to Cook & Co., and their right to the forty-five bales of cotton which it still had; and, by a cross-bill, prayed for a judgment against Latimer for the value of the thirty bales of cotton or for the amount of any judgment that might be rendered against it in favor of the appellees. The court awarded the forty-five bales of cotton to the appellees and gave them a judgment against the compress company for the value of the thirty bales of cotton delivered by it to Cook & Co., but declined to give any judgment against Latimer. Latimer has appealed, and the compress company has cross-appealed, its complaint being only that the court below erred in not giving it a judgment against Latimer.

Latimer does not deny that Hanna's possession of the receipts was not of the character to invest him with the title thereto or the right to dispose thereof. But his contention is that the appellees are estopped from asserting that he obtained no right to the cotton by his purchase thereof from Hanna. In support of this contention he testified, in substance, that he purchased cotton from Hanna, including the seventy-five bales here in controversy, and received from Hanna receipts therefor issued by the compress company to the Stubbs Company. When Hanna offered to sell him this particular cotton, he had reason to doubt Hanna's good faith in so doing and called on B. H. Stubbs, showed him a written statement containing the numbers of the compress receipts for the seventy-five bales of cotton, and asked Stubbs if he would be safe in buying the cotton from Hanna, to which Stubbs replied, "Yes." According to Stubbs' testimony, what

occurred was, in substance, this: He had sold Hanna a number of bales of cotton; that Latimer told him that Hanna had offered to sell him cotton purchased by him from the Stubbs Company, showed him a written statement of the numbers of the receipts therefor, and asked him if he would be safe in purchasing it, to which he answered, "Yes;" that this statement did not contain the numbers of the receipts for the cotton here in controversy, but only of receipts for cotton he had sold Hanna. He denied that he then knew that the receipts for these seventy-five bales of cotton had gotten out of the possession of the compress company. The evidence on this issue, therefore, was in sharp conflict, and there is nothing in the record that would enable us to say that the court below was wrong in resolving the conflict in the appellees' favor.

This brings us to the complaint of the compress company that the court below should have given it a judgment against Latimer for the value of the thirty bales of cotton delivered by it to Cook & Co. That company, because of its possession of the cotton as bailee thereof, has a right of action for its value if it was deprived thereof by the assumption by Latimer of an unauthorized dominion and control over it. We are not concerned here with the effect of a judgment against Latimer for the bailor, the Stubbs Company, for the conversion of the cotton, for no such judgment has been rendered.

Appellant's counsel say that Latimer is not guilty of conversion, (1) because he did not receive the cotton, and (2) that his connection with the purchase thereof was that of agent for Cook & Co. It will not be necessary for us to say what would be the effect on Latimer's liability if he bought the cotton for, and as the agent of, Cook & Co.; for he testified that he bought the cotton for himself and then sold it to Cook & Co. He did say that, "after I sold them, I was acting for Cook & Company," re-

ferring, we presume, to the fact that after he sold the cotton to Cook & Co. he directed the compress company to forward the cotton to them. The record presents two separate conversions, (1) of the receipts of the cotton, and (2) of the cotton itself; the first of which entered into and became a part of the second. By purchasing and selling these receipts Latimer was guilty of the conversion thereof. 1 Restatement, Torts, sec. 223. These receipts never having been delivered to the Stubbs Company were the property of the compress company, for the conversion of which it had a right of action; and, as this conversion resulted in depriving the compress company of the possession of the cotton, its damage therefor is the value of the cotton. 1 Restatement, Torts, sec. 242.

Latimer is also liable for the conversion of the cotton itself, although it was actually received by Cook & Co. By buying the cotton from Hanna and receiving from him the compress receipts therefor, and selling the cotton to Cook & Co., and delivering to them the compress receipts therefor, Latimer became one of the links of the chain of events which deprived the compress company of the possession of the cotton. He delivered the receipts to Cook & Co., pursuant to his sale of the cotton to them, for the purpose of enabling them to obtain possession of the cotton, and thereby contributed proximately and materially to the withdrawing of the cotton by Cook & Co. from the possession of the compress company and its conversion by Cook & Co., and therefore became jointly liable with them therefor. "A joint conversion is a single concerted act of several persons, or the result of the acts of several persons, which, although separately committed, all tend to the same end. All persons engaged in a conversion are liable as principals." 65 C. J. 65.

The decree of the court below will be affirmed except in so far as it failed to award the compress company a judgment against Latimer. To that extent it will be reversed, and a decree will be rendered here for that com-

pany against Latimer for the value of the cotton which appears, from the evidence, to be seven hundred twenty-three dollars and sixty-six cents, with six per cent interest thereon from the date of the rendition of the decree in the court below.

So ordered.

### On Suggestion of Error.

**Smith, C. J.,** delivered the opinion of the court on suggestion of error.

The appellant, Latimer, suggests that we erred in reversing the decree of the court below in so far as it declined to award a judgment against him to the Compress of Union for the value of thirty bales of cotton delivered by it to Cook & Co.

The ground of this suggestion is that Latimer, or, rather, Cook & Co., obtained possession of the cotton with the consent of the compress company. This element of the case was overlooked in our former opinion. We shall not stop to inquire whether our so doing was counsel's fault or ours. Latimer's liability to the compress was placed in our former opinion on two grounds: (1) He converted the receipts for the cotton by selling them; and (2) he thereby became a party to the receipt and conversion of the cotton by Cook & Co., to whom he sold the receipts. Had the compress not delivered the cotton to Cook & Co., its damages for the conversion by Latimer of the receipts therefor, if any—as to which we express no opinion—would not be measured by the value of the cotton. Daggett v. Davis, 53 Mich. 35, 18 N. W. 548, 51 Am. Rep. 91; 4 Sutherland on Damages (4 Ed.), secs. 1134, 1135. Latimer's liability for the value of the cotton depends on its conversion vel non by Cook & Co. The question then is, Does the evidence disclose that Cook & Co. are guilty of a conversion of the cotton?

"One who uses or otherwise intentionally deals with a chattel in the possession of another is not liable to the person in possession . . . for harm to or loss of the use thereof, in so far as such dealing is pursuant to the assent of such person, unless the assent was obtained by duress or from one lacking capacity to consent or was obtained or acted upon fraudulently." 1 Restatement, Torts, sec. 252; 65 C. J. 14.

Cook & Co. obtained possession of the cotton with the assent of the Compress of Union without duress, and the compress was not lacking in capacity to assent in so far as its rights against Cook & Co. and Latimer were concerned. The question then is: Was this assent obtained or acted upon fraudulently? The evidence does not disclose any lack of good faith on the part of Cook & Co., and there can be no question of Latimer's good faith, for he acted upon the belief, though mistaken, that he owned the receipts and the cotton represented thereby. The compress by merely examining the receipts would have discovered that they were not indorsed by the Stubbs Company, and therefore a delivery of the cotton to Cook & Co. would be at its peril. This negligence of the compress does not excuse it or invalidate its assent to the receipt of the cotton by Cook & Co.; neither Latimer nor they having done anything to induce this negligence. Hills v. Snell, 104 Mass. 173, 6 Am. Rep. 216.

The compress, by delivering the cotton to Cook & Co., recognized them as the owners thereof, and assented to their dealing with it as such. This assent gave Cook & Co. absolute dominion over the cotton as against the compress, and no disposition made by them thereof prior to notice that the assent of the compress was mistakenly given would constitute a conversion of the cotton as against the compress. Hills v. Snell, supra. Cook & Co. are not shown to have disposed of the cotton. For aught that here appears, they may still be in possession thereof. What Latimer's liability would be in that event,

should they refuse to return the cotton to the compress on demand therefor, is not before us.

But the compress contends that, if it is not entitled to recover in tort for a conversion of the cotton, it is entitled to recover in contract, for the reason that Latimer's indorsement of the receipts was a warranty to it that he owned the cotton. The cross-bill does not proceed on that theory, but aside therefrom we have not been referred to any authority for so holding, and an examination of our "Warehouse Receipts" statute, chapter 71, Code 1930, discloses none.

Our former judgment will be set aside, and the decree of the court below will be affirmed in toto.

So ordered.