## LATIMER v. STUBBS et al.

### No. 31556.

Supreme Court of Mississippi, Division A.

June 10, 1935.

For former opinion, see 159 So. 857.

Ray & Spiney, of Canton, and C. M. Murphy, of Belzoni, for appellant.

May, Sanders, McLaurin & Byrd and Flowers, Brown & Hester, all of Jackson, for cross-appellant.

SMITH, Chief Justice.

The appellant, Latimer, suggests that we erred in reversing the decree of the court below in so far as it declined to award a judgment against him to the Compress of Union for the value of thirty bales of cotton delivered by it to Cook & Co.

The ground of this suggestion is that Latimer, or, rather, Cook & Co., obtained possession of the cotton with the consent of the Compress Company. This element of the case was overlooked in our former opinion. We shall not stop to inquire whether our so doing was counsel's fault or ours. Latimer's liability to the compress was placed in our former opinion on two grounds: (1) He converted the receipts for the cotton by selling them; and (2) he thereby became a party to the receipt and conversion of the cotton by Cook & Co., to whom he sold the receipts. Had the compress not delivered the cotton to Cook & Co., its damages for the conversion by Latimer of the receipts therefor, if any—as to which we express no opinion—would not be measured by the value of the cotton. Daggett v. Davis, 53 Mich. 35, 18 N. W. 548, 51 Am. Rep. 91; 4 Sutherland on Damages (4th Ed.) §§ 1134, 1135. Latimer's liability for the value of the cotton depends on its conversion vel non by Cook & Co. The question then is, Does the evidence disclose that Cook & Co. are guilty of a conversion of the cotton?

"One who uses or otherwise intentionally deals with a chattel in the possession of another is not liable to the person in possession * * * for harm to or loss of the use thereof, in so far as such dealing is pursuant to the assent of such person, unless the assent was obtained by duress or from one lacking capacity to consent or was obtained or acted upon fraudulently." 1 Restatement, Torts, § 252; 65 C. J. 14.

Cook & Co. obtained possession of the cotton with the assent of the Compress of Union without duress, and the compress was not lacking in capacity to assent in so far as

its rights against Cook & Co. and Latimer were concerned. The question then is: Was this assent obtained or acted upon fraudulently? The evidence does not disclose any lack of good faith on the part of Cook & Co., and there can be no question of Latimer's good faith, for he acted upon the belief, though mistaken, that he owned the receipts and the cotton represented thereby. The compress by merely examining the receipts would have discovered that they were not indorsed by the Stubbs Company, and therefore a delivery of the cotton to Cook & Co. would be at its peril. This negligence of the compress does not excuse it or invalidate its assent to the receipt of the cotton by Cook & Co.; neither Latimer nor they having done anything to induce this negligence. Hills v. Snell, 104 Mass. 173, 6 Am. Rep. 216.

The compress, by delivering the cotton to Cook & Co., recognized them as the owners thereof, and assented to their dealing with it as such. This assent gave Cook & Co. absolute dominion over the cotton as against the compress, and no disposition made by them thereof prior to notice that the assent of the compress was mistakenly given would constitute a conversion of the cotton as against the compress. Hills v. Snell, supra. Cook & Co. are not shown to have disposed of the cotton. For aught that here appears, they may still be in possession thereof. What Latimer's liability would be in that event, should they refuse to return the cotton to the compress on demand therefor, is not before us.

But the compress contends that, if it is not entitled to recover in tort for a conversion of the cotton, it is entitled to recover in contract, for the reason that Latimer's indorsement of the receipts was a warranty to it that he owned the cotton. The cross-bill does not proceed on that theory, but aside therefrom we have not been referred to any authority for so holding, and an examination of our "Warehouse Receipts" statute, chapter 71, Code 1930, discloses none.

Our former judgment will be set aside, and the decree of the court below will be affirmed in toto.

So ordered.