RIGBY *v.* STONE *et al.*

(On the Merits. Division A. Feb. 8, 1943. Suggestion of Error Overruled May 3, 1943.)

[11 So. (2d) 823. No. 35197.]

(Division A.   May 3, 1943.

[13 So. (2d) 230.   No. 35197.]

**W. E. Gore**, of Jackson, and **T. N. Gore**, of Marks, for appellant.

**J. B. Boyles**, of Batesville, for appellee, Sheriff Whitten.

784

**J. H. Sumrall**, of Jackson, for appellees.

Greek L. Rice, Attorney-General, by W. D. Conn, Jr., Assistant Attorney-General, for appellees.

W. E. Gore, of Jackson, and T. N. Gore, of Marks, for appellant, on suggestion of error.

J. B. Boyles, of Batesville, for appellee, Sheriff Whitten, on suggestion of error.

Argued orally by T. N. Gore and W. E. Gore, for appellant, and by J. H. Sumrall and W. D. Conn, Jr., for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The Honorable A. H. Stone, Chairman of the State Tax Commission, issued a warrant to the Sheriff of Panola County for the collection from appellant of a stated amount of sales taxes said to be due by him and for the penalty thereon for the delay in payment. Appellant declined to pay the sheriff and he levied on and sold a stock of goods belonging to the appellant therefor. This action was brought by Rigby against Stone, two of his assistants and the sheriff.

The declaration states a ground for recovery against the sheriff different from that on which the liability of the other defendants is based and probably states a separate and distinct cause of action, but if so, no objection thereto is here made. At the close of the appellant's evidence, it was excluded by the court, and a verdict was directed for the appellees, the defendants in the court below, and these rulings of the court are assigned for error. As we understand the declaration, the appellant's complaints are that the warrant was issued without any previous assessment of sales made by him on which sales taxes could be collected, and that the sheriff sold his stock of goods without giving the required ten-day public notice thereof. The recovery sought is for both actual and punitive damages. The liability vel non of the sheriff will be discussed after that of the other appellees has been disposed of.

The burden of proving that no assessment of the sales made by him or that the governing statute was not complied with in the making thereof was on the appellant, and the record is barren of any evidence that such an assessment was not in fact made. On the contrary, the evidence discloses that the making of such an assessment was assumed throughout the trial and was referred to as such by the appellant himself when testifying. The appellant's real complaint, as we understand it, is: (1) That the statute requires the assessment to be made by the Chairman of the State Tax Commission himself,

that the one here was made by one of his assistants to whom he had delegated, without authority therefor, the making of the assessment; and (2) that the assessment is erroneous.

The statute here governing is Chapter 113, Laws of 1938. Section 11 thereof amending Section 16, Chapter 119, Laws of 1934, expressly provides that its administration "is vested in and shall be exercised by the chairman of the state tax commission, except as otherwise herein provided." This provision of the statute, the appellant says, requires such an assessment, in all of its details, to be made by the Chairman of the State Tax Commission in person except mere clerical or ministerial acts requiring no exercise of judgment or discretion, and that Stone himself testified that he did not make this assessment himself, that such assessments are generally made by persons employed by him therefor. The answer to this contention of the appellant appears in the statute itself. Another of its provisions is that "The chairman of the state tax commission shall appoint, as needed, such *deputies*, agents, clerks and stenographers as authorized by law, who shall serve under him, and shall perform such duties as may be required by the commissioner, including the signing of notices, warrants and such other documents as may be specifically designated by the commissioner, not inconsistent with this act, and they are hereby authorized to act for the commissioner as he may prescribe and as provided herein." (Italics ours.) This provision of the statute without, but certainly in, the light of the manifest impossibility for the Chairman of the State Tax Commission to himself pass on the vast number of sales tax returns made to him and to determine the correctness thereof, and the necessity for and to make additional assessments, clearly authorizes him to appoint deputies and require them to act for him in making these assessments. But the appellant says that "he may (only) appoint such deputies as authorized by law." We are not referred to any other statute to which these words can refer, but if there is such, in the

absence of evidence to the contrary, we must presume that it was complied with in the appointment of these deputies, agents, etc., the burden of proving the contrary being on the appellant. Again it is said by the appellant that additional assessments for sales taxes can be made when but not unless the taxpayer fails to keep adequate records of his sales as required by Section 6 of the statute and that the evidence here discloses that the appellant kept such records. This is a misconception of the statute as will appear from Viator v. State Tax Commission, 193 Miss. 266, 5 So. (2d) 487, 489, wherein it was said that: ''The right and duty of the Commissioner to make an additional return or assessment of the taxpayer's sales in addition to that returned by him is not dependent on the failure of the taxpayer to keep adequate records, and the only effect of the provision as to inadequate records in Section 6 of the statute is to permit the Commissioner, when the taxpayer's records are inadequate, to determine the correctness of the return made by him 'from the best information available.' ''

The greater part of the appellant's evidence was pointed at his claim that the assessment was incorrect for the reason that he had reported and paid taxes on all of the sales made by him. The evidence seems not to sustain this claim, but if it does, it is not for consideration here. Where an assessment is made in accordance with the statute, although erroneous in fact, no personal liability of the Chairman of the State Tax Commission and his assistants to the taxpayer results therefrom provided the assessment was made in good faith, the burden of proving that it was not so made being on the complaining taxpayer, and this evidence is barren of anything indicating the absence of good faith here. National Surety Company v. Miller, 155 Miss. 115, 124 So. 251; 46 C. J. 1042; 43 Am. Jur. 86.

Section 9 of Chapter 113, Laws of 1938, under which the warrant here was issued provides that the sheriff on receipt of such warrant ''shall levy upon any property of the taxpayer . . . in all respects, with like effect,

and in the manner prescribed by law in respect to executions issued against property upon judgments or attachment proceedings," and for the purpose of the argument we will assume that Section 3038, Code of 1930, applies thereto. That section provides that sales of personal property "shall be advertised ten days before the day of sale by posting notices of the time, terms, and place [thereof]," etc. The sale here made by the sheriff of the appellant's stock of merchandise was advertised for only eight days, and assuming that the statute here applies, he became liable to the appellant for the damages, if any, he sustained therefrom, the measure of which "is not the value of the property (sold), but the difference between the price it sold for and the price it would have sold for if proper notice had been given." 57 C. J. 869. The appellant's evidence was not pointed at this measure of damages but at the value of the goods sold, for which he sought to hold Stone and his assistants liable, and therefore the court below committed no error in excluding it.

Affirmed.

### On Suggestion of Error.

**Smith, C. J.**, delivered the opinion of the court on suggestion of error.

This suggestion of error will be overruled as to all of these appellees except J. W. Whitten. Our former opinion herein, 11 So. (2d) 823, 825, will disclose that Stone, Chairman of the State Tax Commission, issued a warrant to Whitten, sheriff, for the collection of sales taxes under Section 9, Chapter 113, Laws of 1938, due by the appellant, pursuant to which Whitten levied on a stock of merchandise owned by the appellant and sold it therefor. In so doing, he did not comply with the requirement of Section 3038, Code of 1930, which governs the sale, to advertise the sale of the property for ten days but advertised it for only eight days, for which we held that he was liable to the appellant for the damages, if any, he

sustained thereby, stating that the measure thereof is "the difference between the price it sold for and the price it would have sold for if proper notice had been given." There being no evidence disclosing the difference between these two prices, we affirmed the judgment denying the appellant a recovery against Whitten. This holding is supported by 57 C. J. 869, and by one, probably both, of the two cases there cited, though, as the text points out, there is authority to the contrary. This measure of damages being such an impractical one because of the difficulties that will always accompany its proof has caused us to re-examine it, after doing which we have arrived at the conclusion that it is not the proper measure thereof. In order to judicially determine the measure of damages for the commission of a tort, it is necessary to ascertain into what category of the law of torts the act complained of falls, and when that is done, no difficulty generally arises in arriving at the measure of damages for the commission of the act.

Whitten was privileged to sell this property under the writ issued to him therefor, but only on ten days' posted notice thereof, and when he sold it without giving this ten-day notice, the writ ceased to protect him, consequently he was without the right to then sell the property,[1] and by selling it became guilty of its conversion,[2] the measure of damages for which, in the absence of special circumstances not here in evidence, is the value of the property, market value if such it has, at the time and place of its conversion with interest thereon.[3] But

[1] Rest. Torts, subsec. (b) of Sec. 278 and comments thereon; 57 C. J. 862; Vansant v. Dodds (Sale of Real Property), 164 Miss. 787, 144 So. 688, 145 So. 613.

[2] Rest. Torts, Sec. 223; Latimer v. Stubbs, 173 Miss. 436, 159 So. 857, 161 So. 869; 65 C. J. 38; 26 R. C. L. 1120.

[3] Sumball Motor Co. v. Creel, 158 Miss. 262, 130 So. 151; Ingram-Day Lbr. Co. v. Robertson, 129 Miss. 365, 92 So. 289; Illinois Cent. R. R. Co. v. LeBlanc, 74 Miss. 626, 21 So. 748; Latimer v. Stubbs, 173 Miss. 436, 159 So. 857, 161 So. 869; Bank of Forest v. Capital National Bank, 176 Miss. 163, 169 So. 193.

it is said that the evidence as to the value of this stock of merchandise is not definite enough to enable the jury to place a value thereon. The appellant's right to nominal damages aside, the evidence discloses that Whitten sold this merchandise for $500, which sum the evidence also discloses was less than its true value, how much more than $500 the jury could have found its value to be we are not now called on to determine.

If it be said that the appellant's damages should be diminished by the amount for which Whitten told the merchandise and applied, as we will assume the evidence discloses that he did, to the taxes due by the appellant for the collection of which the merchandise was sold, the answer must be that that question was not raised or passed on in the court below and consequently is not now before us.

From this, it follows that this suggestion of error must be sustained as to the appellee Whitten. Our former affirmance of the judgment below to the extent that it denied the appellant a recovery against Whitten will be set aside, the judgment to that extent will be reversed, and the case will be remanded for the trial of that issue only. That portion of our former opinion herein, dealing with the measure of damages here discussed, will be withdrawn, and this opinion substituted therefor.

So ordered.