RIGBY v. WHITTEN et al.

(In Banc.  May 22, 1944.  Suggestion of Error Overruled September 25, 1944.)

[18 So. (2d) 152.  No. 35590.]

662

T. N. Gore, of Marks, and W. E. Gore, of Jackson, for appellant.

**J. B. Boyles**, of Batesville, and **Herbert M. Fant**, of Sardis, for appellees.

Argued orally by **W. E. Gore** and **T. N. Gore**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

This is the second appearance of this case in this court. When first here the action was sought to be maintained against the chairman of the State Tax Commission, as well as against the sheriff, and was entitled Rigby v. Stone et al., and it was decided that there was no cause of action against any of the defendants. See Rigby v. Stone et al., 194 Miss. 775, 11 So. (2d) 823. On suggestion of error the prior decision was withdrawn so far as concerned the sheriff, and it was held that because the sheriff sold the property for which he held a warrant without giving the ten days' notice "the writ ceased to protect him, and consequently he was without the right to then sell the property, and by selling it became guilty of its conversion, the measure of damages for which, in the absence of special circumstances not here in evidence, is the value of the property, market value if such it has, at the time and place of its conversion with interest thereon." See Rigby v. Stone et al., 194 Miss. 775, 13 So. (2d) 230, 231.

Upon the second trial, following the remand, the court instructed the jury in accord with the law of the case as above quoted, but the jury returned a verdict for the defendant sheriff, and the court, on motion, declined to set

the verdict aside, although offering to do so if the plaintiff would accept a judgment for nominal damages, which the plaintiff declined; and he has appealed.

Although we may concede that no assessment in the manner required by law—as to which see Viator v. State Tax Commission, 193 Miss. 266, at page 296, 14 So. (2d) 212—had been made for the additional taxes for which the warrant was issued, the warrant was regular on its face and was without defect in its contents when considered as a warrant for the sale, and not as an assessment, wherefore it would have protected the sheriff as against any offensive action against him had he proceeded under it as the law directs and without any fault on his part. 1 Freeman on Executions (3 Ed.), Secs. 101, 102, pp. 362, et seq. But instead of doing so, he gave only eight days' notice of sale, and not the ten days required by statute; and in that case the rule as laid down in 2 Freeman, Sec. 286, p. 1659, is that "the selling of property under execution by an officer, without previously giving the notice of sale required by the statute is such misconduct that the officer is no longer entitled to the protection of his writ. The result of this must be that, if sued in trespass his defense cannot rest upon the process nor can it be used in diminution of damages."

It was in accord with that rule that we used the language in our opinion on the suggestion of error quoted in the first paragraph of the present opinion, and in which, "in the absence of special circumstances," the measure of the damage was held to be the market value of the goods.

On the second trial, the one now before us, there were developed further facts, or special circumstances, not theretofore shown, and these further facts are as follows: Although appellant had previously protested to the sheriff that no valid assessment had been made against him and that the legal notice had not been given, he appeared at the sale, and requested the sheriff to delay for a few minutes and until appellant could bring his wife to bid, and his wife did appear and made a bid of $125. Comer

was the highest bidder at $500, and was declared the purchaser. A day or two thereafter appellant, according to his own testimony, complained to Comer that the latter had not come to take the merchandise away and requested Comer do so without further delay, the goods being situated in appellant's building; and appellant made no complaint to Comer either then or when Comer came to get the goods and did get them, that there was any irregularity or illegality in the sale, or that he had any cause to deny Comer's right to take them. Appellant did not make any public announcement at the sale so as to be heard by bidders that there was anything wrong with it, and so far as the evidence discloses, Comer, the purchaser, was wholly without warning or notice from appellant or anyone else that he was not getting, upon the payment of his money, a good title to the property.

In 21 Am. Jur., p. 96, citing Rawles v. Jackson, 104 Ga. 593, 30 S. E. 820, 69 Am. St. 185, it is said that the voluntary surrender of property sold under execution is a waiver of irregularities in the sale. In 33 C. J. S., Executions, Sec. 228, p. 484, it is said that such surrender of possession does not estop the execution debtor from attacking a void sale. See also 23 C. J., p. 668, note 77. The cases cited under these texts are land cases. No case involving the precise point, when the sale has been of personalty, has been cited to us, nor have we been able in the time at our disposal to find such a case.

It is appellant's contention, already mentioned, that no valid assessment had been made against him, and he asserts that he knew this well before the day of sale, and he admits he knew also that the required legal notice had not been given. Against the seizure and sale of his property, both or either of his said contentions being true, the law furnished him, then and there, ample means of protection, but appellant took no manifest steps to that end; and, having the stated knowledge, he was by consequence under no such legal compulsion of submission as would prevent invocation against him, as a defense to the

present action, of the doctrines of acquiescence, or waiver or estoppel, call it either of these.

Therefore as to personalty, title to which may vest by delivery, we are of the opinion that when the owner, whose property has been sold under a void warrant of sale, or at an improper time, of which the owner then knows, voluntarily delivers the property to the purchaser, or takes active steps to that end, as was the case here, without giving any warning or notice whatever at any time or in any manner to the purchaser and the latter pays his money without notice, the title passes to the purchaser on such delivery and the owner cannot thereafter disturb him.

Title having thus passed to the purchaser, not by virtue of the sale but by the voluntary conduct of the owner, acting with knowledge and without any sort of compulsion, and the owner being bound, so far as the purchaser is concerned, which would include, of course, acquiescence in the price paid by the purchaser, so that the owner could not thereafter demand of the purchaser any additional price, may the owner in such a case in an action against the sheriff demand more than the sheriff received from the purchaser as the proceeds of the sale? Inasmuch as the owner could not, under the stated circumstances and under obvious principles of justice, demand more of the purchaser, and must be considered as having elected to accept, so far as the purchaser is concerned, the price paid by him as a fair value for the goods sold, we think he ought to be bound by the same election as to the sheriff in the matter of value. For, if the owner had not acted as he did in respect to the purchaser, but on the contrary had warned or notified the purchaser that the sale was invalid, the purchaser might have declined to pay the amount of his bid, whence instead of an immediate pursuit of the purchaser and as an alternate course another sale could have been had upon proper legal notice, and about which the sheriff would not have been liable at all.

Out of the proceeds of the sale the sheriff remitted $481.90 to the State Tax Commission, the tribunal from which the warrant issued, and retained the balance of $18.10 for costs. The final question is whether the sheriff is entitled to credit for these sums. Recurring to the rule heretofore set out that when a sheriff sells without lawful notice he is not entitled to the protection of the writ and that the writ cannot be used in diminution of damages, and applying that rule literally, the sheriff would be entitled to no credit. The majority of the court is of the opinion, however, that the rule has reference to the damage growing out of that which the sheriff himself did on his own direction to make the sale illegal and in respect to which he departed from his duties under the warrant, and is not to be invoked as to acts which the sheriff did within, and in strict pursuance to, the command of the warrant.

In remitting the $481.90, the sheriff acted as the warrant directed, and is to that extent protected. Mechem, Public Officers, Sec. 694. In making the sale without legal notice, he did not act as the warrant directed and can retain no costs therefor. We have already said that no title passed by virtue of the sheriff's sale but only by the owner's conduct as related to the purchaser, and that had the owner's conduct not been what it was the sheriff would have had opportunity to resort to another sale with proper notice. Had a second sale been made the sheriff would not have been entitled to fees for two sales but for only the second one. He did not make a second sale, and is entitled to no fees for the first which was invalid. There can be no rightful legal fees for a wrongful legal service; no valid fees for an invalid sale, when the invalidity was by the wrong of the officer himself.

Appellant is entitled in any event to the $18.10 which the sheriff retained as his costs, and since under his own testimony appellant is entitled to no more, and because upon a remand no other result on the facts, admitted by appellant himself, could be reached, we think that tech-

nical rules of procedure are not to be enforced to the extent to require the ceremony of a remand, but that judgment ought to be, and will be, rendered here reversing the judgment of the trial court and allowing recovery to the appellant in the sum of $18.10.

Reversed and judgment here for appellant.

### DISSENTING OPINION.

**Smith, C. J.,** delivered a dissenting opinion.

On the evidence the appellant is not entitled to recover anything and the judgment of the court below should be affirmed.

The requirement of the statute that personal property shall be sold under an execution on ten days' public notice thereof is for the protection of the judgment creditor and the judgment debtor, and either can waive it or be estopped from pleading it. The judgment creditor is not here complaining, and, in my opinion, the judgment debtor, the appellant, is estopped by his conduct from pleading it. It is clear to me from the evidence that the publishing of this notice of sale for only eight days was an inadvertence on the part of the appellee, and when the appellant called his attention thereto, his, the appellant's, conduct then, thereafter, and at the sale was such as to induce the appellee to believe that he had waived this error in the publishing of the notice. Without this, all the appellant would have had to do was to readvertise the sale for ten days, and this, because of the appellee's conduct, as hereinbefore stated, he was justified in not doing. Consequently, in my opinion, the sale of the property by the appellee under the execution was valid.