N. & W. INDUSTRIES, INC. *v.* McKEIGNEY, CHAIRMAN, ETC.

No. 40415      March 18, 1957      93 So. 2d 481

*Watkins, Edwards & Ludlam, Marvin A. Cohen,* Jackson, for appellant.

*John E. Stone,* Jackson, for appellee.

ARRINGTON, J.

N. & W. Industries, Inc., a corporation, appellant here, filed suit in the Circuit Court of the First Judicial District of Hinds County against Alex McKeigney, Chairman of the State Tax Commission, and Mrs. A. H. Stone, the personal representative and sole heir at law of A. H. Stone, deceased, former chairman of the State Tax Commission, and which cause was revived in the name of Noel Monaghan, Chairman of the State Tax Commission after the resignation of the said Alex McKeigney, seeking the recovery of $2,554.75, sales taxes paid to the said State Tax Commission as a result of two additional assessments. The cause was submitted to the circuit judge without a jury upon the pleadings and stipulation as to the facts and upon a demurrer of Mrs. Stone. The demurrer was sustained, and judgment was rendered for the appellee, and the appellant appeals.

The appellant is engaged in the business of manufacturing overalls, uniforms and work clothing, etc., in the City of Jackson, Mississippi. The additional assess-

ments were made under Section 10105, Vol. 7A, Mississippi Code of 1942, for the years 1951 and 1952, and were for sales of uniforms by the appellant to the Independent Linen Company in Jackson. The Independent Linen Company was at the time of the assessment engaged in the business of renting uniforms and other items to its customers. The appellant bases its grounds for recovery on Chapter 529 of the Mississippi Laws of 1950, which provides, in part, as follows:

"But notwithstanding the repeal of said Section 2b of said Chapter 119 by said House Bill 311, of the regular session of the Legislature, any person engaging in this state in the business of manufacturing, compounding, or preparing for sale, profit, or commercial use, either directly or through the activity of others, in whole or in part, any article or articles, substance or substances, commodity or commodities, and engaging in the business of selling his manufactured products to manufacturers, wholesalers, jobbers, or licensed retailers, shall not be required to pay the tax imposed in said Section 2-c of said Chapter 119 for the privilege of selling such manufactured products at wholesale. Nor shall such person be required to pay the tax imposed in said Section 2-c of said Chapter 119 for the privilege of selling his manufactured products for delivery outside of this State."

The appellant contends that the lower court erred in sustaining the demurrer of Mrs. A. H. Stone. We are of the opinion that the demurrer was properly sustained. Sections 10123 and 10124, Vol. 7A, Mississippi Code of 1942, makes ample provision for the payment of judgments for a taxpayer, as follows: "In the event a final judgment is rendered in favor of the taxpayer in a suit to recover illegal taxes, it shall be the duty of the state auditor upon receipt of a certified copy of the final judgment to issue a warrant directed to the state treasurer, in favor of the taxpayer, to pay

the part of the illegal tax as was paid into the state treasury. . . ." Rigby v. Stone, 194 Miss. 775, 11 So. 2d 823; Barnett v. Lollar, 197 Miss. 574, 19 So. 2d 748.

The appellant next contends that the Independent Linen Company is a "licensed retailer" under the statute cited above for the reason that it paid sales taxes at the retail rate on the renting of its uniforms. Appellant also makes the further contention, among others, that the Independent Linen Company is a manufacturer, wholesaler, or jobber within the meaning and intent of the sales tax law. It is admitted that the Independent Linen Company did not sell the uniforms which it purchased from the appellant, but rented them. We need only look at the sales tax law to ascertain the intent from the definitions. Section 10104, Vol. 7A, Mississippi Code of 1942, provides, in part, as follows:

"(5) The term 'sale' or 'sales' includes the barter or exchange of properties as well as the sale thereof for money, every closed transaction by which the title to taxable property passes shall constitute a taxable event whether the compensation is by money or service, or other thing of value, constituting a sale. . . . .

"(8) The classification of 'retail merchant' shall apply only to a person doing a regularly organized retail business known to the trade as such and who maintains a store, open at reasonable hours, or who operates as a transient vendor, as defined in the privilege tax law, for sale to the public of such goods, wares or merchandise as may be handled."

Under these definitions, since there was no sale of property by Independent Linen Company, we are of the opinion that it was not a licensed retailer within the meaning of the act. Furthermore, since appellant contends that it is exempted from paying the sales tax under Chapter 529, Laws of 1950, supra, the burden of proof is upon the appellant. It is well settled that tax exemption statutes should be strictly

construed and that when any doubt arises as to whether or not an exemption is granted by such statute, the doubt must be resolved against the exemption. Interstate Oil Pipeline Co. v. Stone, 203 Miss. 715, 35 So. 2d 73; Stone v. Dunn Bros., 81 So. 2d 712. ■■ ■ We are also of the opinion that the Independent Linen Company is not a manufacturer, wholesaler, or jobber within the meaning and intent of the sales tax law.

We have examined the other assignments and find them to be without merit. The judgment of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Ethridge* and *Gillespie,* JJ., concur.