RODGERS, Justice:
Phillips Distributors, Incorporated, appellant, brought suit in the Circuit Court of Jackson County, Mississippi, against Texaco, Incorporated, and J. L. Mize, ap-pellees, for damages growing out of an alleged wrongful and malicious interference with a contract between appellant and James Shields, and also damages for the wrongful trespass and conversion of certain property belonging to them. At the conclusion of the trial, a judgment by default was entered in favor of appellant against J. L. Mize, but the trial judge sustained a motion by appellee, Texaco, requesting a directed verdict and entered a judgment dismissing the suit against it.
We reverse the judgment for reasons hereafter shown, and pretermit consideration of the motion of the appellees to dismiss because of the failure of the appellant to designate the portion of the record required by Mississippi Code Annotated section 1640 (1964 Supp.), as amended by Laws 1962, Chapter 305.
This controversy arose under the following circumstances: In January 1962, James Shields contacted John J. Whitehead, Manager, of Phillips Distributors, and made arrangements to purchase gasoline and other petroleum products from Phillips Distributors. Mr. Shields was under the impression that Phillips Distributors would furnish him a sign and would install a grease rack for his use. Phillips Distributors installed two 1,000 gallon gasoline tanks, pipes and pipe fittings, built a hydraulic lift and a concrete island in connection with the installation of the gasoline pumps. It also installed electric wiring, lights and an air compressor. Appellant sold petroleum products to Mr. Shields until June. Mr. Shields became dissatisfied and began purchasing gasoline from Texaco. He would not sign a written contract with Phillips Distributors because, he contended, appellant did not install the sign and perform other services he had expected. The appellant alleged that Mr. Shields entered into an agreement with Texaco as a result of-certain false statements that “Phillips was-broke” and “going out of business,” and alleged that appellant’s business was damaged; *842 by the slander of J. L. Mize, an agent of Texaco.
Texaco removed the pumps belonging to appellant and attached their pumps to appellant’s tanks. They put Texaco gasoline into appellant’s tanks and Mr. James began to dp business, selling Texaco products, under the Texaco sign. In the meantime, Mr. John J. Whitehead had been involved in an accident and was out of his business several weeks and was not informed of the state of affairs at the Shield’s Service Station. He did not consent that his equipment should be used by Texaco. Texaco offered proof to show that it was a custom in the petroleum trade for the oil company which sold petroleum products to a customer who had previously purchased products from a competitor to pay the competitor for the equipment installed upon the premises of the customer. It attached to its answer a copy of a- letter written to Phillips 66 Distributing Company requesting .a quotation upon two pieces of equipment, and it offered proof to show that the letter was mailed and received. The receipt of this letter was denied by John J. Whitehead. He also denied, at first, any knowledge of a custom to purchase equipment previously installed by a competitor, although he admitted buying equipment from Standard Oil, after having been a successful bidder to sell oil to the Mississippi Men-hadden outlet. He finally admitted that it was customary when a dealer changes suppliers for the new supplier to pay the former supplier for the underground tanks. Appellee offered testimony to the effect that it was ready and willing to pay for tanks and equipment as soon as it was (“invoiced”) notified.
 A careful examination of the testimony fails to show that J. L. Mize was acting as agent for the appellee, Texaco, at the time he entered into negotiations with Shields. It is true that J. L. Mize filed, an answ.er, admitting he was an agent for Texaco, but this admission is a conclusion cjf the pleader and is not shown by the evidence. . Moreover, no. testimony was offered to sustain the allegation that Texaco, or any person acting for it, maliciously interfered with a contract or business relationship between appellant and Shields.
The testimony shows that the equipment belonging to the appellant has been, and is now, in the possession of James L. Shields, and that appellant has not attempted to repossess the equipment. Nevertheless, Texaco has disconnected the pumps belonging to appellant, and is using the pipes and tanks to store gasoline sold to James L Shields, as well as the grease rack and light fixtures. It is apparent that the appellee, Texaco, has converted to its use the property of appellant
In order to recover punitive or exemplary damages for the conversion of property, such damages must be pleaded and proven, and since there is no evidence in this case showing that the acts of the appel-lee, Texaco, were willful, wrong, malicious or oppressive, and since we are of the opinion, as pointed out, supra, that the appellee did not maliciously or fraudulently interfere with a contract between appellant and James L. Shields, Texaco is not liable to appellant for exemplary damages.
On the other hand, Texaco is liable to the appellant for the value of its property converted to its use at the time of the conversion, with interest thereon from that date. Sumrall Motor Co. v. Creel, 158 Miss. 262, 130 So. 151 (1930) ; Ingram Day Lbr. Co. v. Robertson, 129 Miss. 365, 92 So. 289 (1922); Heard v. James, 49 Miss. 236 (1873).
We are of the opinion that the trial court erroneously entered a judgment dismissing appellant’s suit as to the actual value of the property alleged to have been converted by appellee, because that issue was a question for the jury.
Reversed and remanded for further proceedings in accordance with this opinion.
ETHRIDGE, C. J., and JONES, BRADY and INZER, JJ., concur.