Peu CuRIam.
This action was brought by Long against the plaintiffs in error on an injunction bond, which recites that God *791 dard had obtained an injunction to restrain Jordan Elder and John Long from selling two slaves and certain lands named in the injunction, and conditioned that said slaves should not be removed from the jurisdiction of the state, but should be forthcoming to abide the final decree in that behalf. The breach is, that one. of the slaves was removed from the state, and was not forthcoming to abide the decree, with an averment that a final decree had been made.
In proof of the final decree on which the plaintiff relied, a paper in the following words was introduced : “ Superior Court of Chancery of the State of Mississippi, June Term, 1839; S. E. Goddard, complainant, v. John Long et al., defendants.
“ It appearing to the satisfaction of the court, that the injunction heretofore granted in this case, was dissolved at the last term of this court, and that no steps toward the further prosecution of his suit have been taken, by said complainant, it is ordered that said bill of complaint be dismissed, and that complainant pay the costs of this suit to be taxed.” The clerk certified that this was a true copy from the minutes of the court.
As a matter of evidence, it is objectionable because it is uncertain. This order may have been made in a suit between different parties. It would have been equally admissible in any and every suit in which Long and Goddard were parties. In all cases where judgments or decrees are admissible as evidence, as a medium of proving the facts on which they are based, the parties must be the same or in privity. And the better rule seems to be, that when a decree of a court of chancery is relied on, the proceedings on which the decree was predicated should accompany it. 1 Phil. Ev. 393; 1 Stark. 246.
We omit to notice the objections arising out of the pleadings, as on a second trial they may be shaped to suit the views of counsel. The plea of Marsh, to which the demurrer was filed, seems to be liable to some objection, but it is unnecessary that we now decide on its sufficiency.
The judgment must be reversed and catise remanded.