Mr. Justice Clayton
delivered the opinion of the court.
The only question in this case is as to the effect of this plea of the defendant; that a suit had been previously brought for ■the same cause of action, between the same parties, “ in which ■the plaintiff in his own proper person came into court, and confessed that he would not further prosecute bis said suit against the defendant, but from the same altogether withdrew himself,” whereupon it was considered by the court, that the plaintiff should take nothing, and that the defendant go without day.” Upon demurrer, judgment was rendered against the plea in the court below.
It is insisted that this proceeding, set up as a defence in the plea, amounted to a retraxit, and that the present suit for the ■same cause of action cannot be maintained. It is no doubt the law that a judgment upon a retraxit, is as much a bar to another suit for the same cause, between the same parties, as a judgment after verdict. The only question therefore is, whether this be a retraxit.
The older authorities are not very clear in their statement of what amounts to a retraxit. In a late case, the rule is thus very explicitly stated. “In a retraxit, the plaintiff voluntarily .abandons his cause, and goes farther, he admits that he has no *129 cause of action.” 6 Rand. 677. It is this admission upon the record, that he has no cause of action, which constitutes the bar, and operates as an estoppel to the party.
On the same subject, the supreme court of the United States employs this language : “ The nature and effect of a nolle pros-equi, was not well defined or understood in early times, and the older authorities involve contradictory conclusions. In some cases it was considered in the nature of a retraxit, operating as a full release and discharge of the action, and of course as a bar to any future suit. In other cases it was held not to amount to a retraxit, but simply to an agreement not to proceed farther in that suit, as to the particular person or cause of action to which it was applied. ■ This latter doctrine has been constantly adhered to in modem times, and constitutes the received law.” Minor v. Mechanics Bank of Alexandria, 1 Peters, 74,
The facts pleaded in this case do not, in our view, amount to a retraxit, or to an acknowledgment upon the record by the plaintiff, that he has no cause of action. They constitute only a dismission of the suit, or a nolle prosequi.
The judgment is therefore affirmed.