Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit, brought by the plaintiffs in error, for the value of several bales of cotton. The defendant, amongst other things, pleaded “that the said plaintiffs had theretofore impleaded the defendant in a certain action of trover, to recover damages for the wrongful conversion of the same identical goods specified in this action, and such proceedings were thereupon had upon issue joined, and trial upon the merits between the parties to this suit, that by the consideration and judgment of the court, it was determined that the plaintiffs take nothing and pay the costs expended.” To this the plaintiffs replied, “ that the point in dispute in said suit of trover, being the wrongful conversion of, and not title to the said goods in said declaration named, and in defendant’s said plea, which said title to the same was admitted by said defendant to be in said plaintiff, on the trial of the said suit in trover, the merits of the present suit were not tried and determined in said suit of trover.” To this replication a demurrer was filed, specifying various causes; the court sustained the demurrer, and gave judgment final against the plaintiffs.
It is not at this day to be doubted, but that a judgment be *555 tween the same parties, for the same cause of action, is conclusive between them. There are exceptions to the rule, as where the first action is not competent, where the plaintiff has mistaken his character, or where the judgment is given for faults in the declaration or pleadings. Hitchen v. Campbell, 2 Wm. Black. 830. The principal consideration is, whether it be precisely^ the same cause of action in both appearing by proper averments i in a plea; or by proper facts stated in a special verdict or ajf special case. Ibid. 830.
The recovery is prima facie evidence that the demand has been inquired into, but is not conclusive. The inquiry is, whether the same cause of action had been litigated and considered in the former action. The plaintiff who brings a second action, must not leave it to nice investigation to see whether the two causes of action be the same he ought to show beyond all controversy, that the second is a different cause of action from the first in which he failed. Seddon v. Tulop, 6 T. R. 607; Bagot v. Williams, 3 Barn. & Cres. 235; 10 Eng. C. L. Rep. 62 ; Rice v. King, 7 Johns. 20.
It is immaterial that the form of action is different, if the 1 cause be the same, the judgment is conclusive ; as a judgment in trover, is a bar to an action of assumpsit for the value of the same goods. 4 Rep. 94, b; 2 W. Black. 827; 3 Ch. Pl. 929, n.
The party is not precluded from showing that the latter suit is for another and different cause, if the fact be so. By pleading the former judgment specially, the plaintiff is driven to take issue on a single point, and admit or deny the judgment, or deny that it was for the same cause of action. 3 Ch. Pl. n. 929; also 1159.
Tried by this standard, the replication in this instance was^ bad. It does not admit the judgment and deny that the cause of action was the same — but it denies, “ that the merits of the present suit were tried and determined in the former.” kThis does not come up to the point, for the true question is whether the merits of the second suit were involved, and might have been tried in the former action. If so, and the party failed, though his failure might have proceeded from some defect in the *556 testimony, or some error in law, he cannot after judgment, rein-vestigate the same matter in another suit. The judgment is conclusive. If No one shall be twice harassed for the same canse, is a venerable and wise maxim of the common law.
In view of the act of 1840, there has been some difficulty in fixing on the proper judgment to be given in the case. See Pamph. Acts, 1840, p. 132. It is the object of that statute, to have every case disposed of upon its merits as far as practicable. See Dent v. Coleman, (ante 85) at this term of the court. Whenever, therefore, a case has been determined in the court below, upon defects of form in the pleadings, it would be proper to remand it, if enough appear in the record to show a probability that the merits are with the plaintiff in error. But on the other hand, where the pleading is not only defective in form, but moreover discloses defects in substance, which would probably be a bar to any recovery upon the merits, it cannot be the intention of the statute, that this court should reverse and remand the case ; especially when no application for leave to amend was made in the court below.
f In this cause, besides the defect in the form of the replication, the matter disclosed could not be put into any shape, which would take away from the defendant the benefit of his plea. SWe must suppose the plaintiff set out the facts, upon which he relied. Those facts defeat this right of recovery. If true, they show that the first judgment was erroneous, and might have been reversed. His remedy was a writ of error, not a new action. They do not show, that by any possible amendment of the pleading, the plaintiff could recover in this action.
Judgment affirmed.