VIATOR *v.* STATE TAX COMMISSION *et al.*

(In Banc. Jan. 12, 1942. Suggestion of Error Overruled Feb. 9, 1942.)

[5 So. (2d) 487. No. 34664.]

Albert Sidney Johnston, Jr., of Biloxi, for appellant.

**J. H. Sumrall**, of Jackson, for appellees.

Argued orally by **Albert Sidney Johnston, Jr.**, for appellant, and by **J. H. Sumrall**, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment affirming an order of the State Tax Commission approving two additional sales tax assessments against the appellant. The assessments were made by the Chairman of the State Tax Commission under the provisions of Sections 5 and 6, Chap. 113, Laws of 1938, and were approved by the State Tax Commission on an appeal to it.

Section 8 of that statute provides that ''No injunction shall be awarded by any court or judge to restrain the collection of the taxes imposed by this act, or to restrain the enforcement of this act.'' The appellant says that this provision of the statute violates Section 159 of the State's Constitution, which prescribes the jurisdiction of the chancery court. This may or may not be true, but we are not called on to determine it for the reason that if this section of the statute does run counter to the

Constitution, that fact would have no effect on the remainder of it, which would remain in full force and effect.

Another of the appellant's complaints is that "there is no presumption in favor of the validity of an order unless there is evidence to support such order." The order referred to is that made by the Tax Commission approving this assessment. Whether this order of the State Tax Commission is supported by evidence was not before the court below and is not before us here, for the reason that under Sections 72 and 73, Code 1930, the court to which a case has been removed by a writ of certiorari is "confined to the examination of questions of law arising or appearing on the face of the record and proceedings." Federal Credit Co. v. Zepernick Grocery Co., 153 Miss. 489, 120 So. 173; Hamilton v. Long, 181 Miss. 627, 180 So. 615.

Three of the appellant's remaining complaints necessary to be considered are:

1. State Tax Commission has only such jurisdiction as conferred by statute. In the case of additional assessments for sales tax, such can be made only for failure to keep adequate records and preserve invoices for a period of two years. Unless jurisdictional facts appear of record, the State Tax Commission has no jurisdiction to make an additional assessment for sales tax.

2. The claim that taxpayer kept records and preserved invoices for a period of two years, is a denial of an essential jurisdictional fact, and before the State Tax Commission could proceed under the law, jurisdiction to make the additional assessment must be proven by appellees, and must affirmatively appear of record.

3. Orders of quasi-judicial commissions and bodies must be supported by a finding of basic facts; otherwise they are unconstitutional, null and void, and violate the Due Process Clause of the Constitution of the United States, and Sec. 14 of the Constitution of Mississippi.

These three complaints will be considered together.

Under Sections 4, 5, and 6, Chap. 113, Laws of 1938, it

is the duty of a person liable to the tax imposed on sales of property to make a return to the chairman of the State Tax Commission, on prescribed forms, of all cash and credit sales made by him. When this is done, the chairman of the commission, designated in the statute, and will hereinafter so be, as the commissioner, is charged with the duty of examining into its correctness. In so doing, he may examine the books and other records of the taxpayer, if any (Sec. 6), and (Sec. 12) "any books, papers, record, or other data bearing upon the correctness of any return . . . including the records of any common carrier, bank, wholesale or retail dealer in any kind of merchandise, doing business in this state, . . . and may require the attendance of any person and take his testimony with respect to any such matter, with power to administer oaths to such person or persons." If (Sec. 6) adequate records of his sales are not kept by the taxpayer, the commissioner may determine the correctness of the taxpayer's return thereof "from the best information available." If the commissioner finds that the taxpayer's return of the amount of his sales is less than it should be, it becomes his duty to make an additional return or assessment of the amount of the taxpayer's sales. When this is done, he must give the taxpayer written notice thereof by registered mail, and, if the taxpayer makes no objection thereto, the return or assessment becomes final. If, however, the taxpayer so requests, he shall be given a hearing on the assessment by the commissioner, and, if dissatisfied with the result thereof, he may appeal (Sec. 8) therefrom to the State Tax Commission which, after a full hearing and consideration of the evidence introduced by the taxpayer, must either approve, disapprove, or modify the assessment. This procedure was here followed.

Two additional returns or assessments were here made by the commissioner on blank forms prescribed for that purpose, the statute not requiring such to be entered on an assessment roll. One of these returns, after setting

forth the taxpayer's name and address, recites: "An examination of your records made in accordance with Sections 7, 8, and 18 of the Sales Tax Law of 1932 [chapter 90] as reenacted and amended, for the period from January 1, to December 31, 1938 indicates an additional tax due thereon in the amount of $1,606.64, arrived at as follows." It then sets forth the amount of sales theretofore reported by the taxpayer and the amount thereof found by the commissioner, in addition to that returned by the taxpayer, with this notation, "prima facie assessment, same having been made from the best information available." It then sets forth the amount of taxes due on the sales by the taxpayer. The notice by registered mail to the appellant of this additional return is, in part, as follows: "You are hereby given notice, by registered mail, of the hereinafter assessments made against you from the best information available in addition to the previous returns and payment of sales tax heretofore made by you for the periods January 1, 1937, to December 31, 1937 and January 1, 1938 to December 31, 1938, by reason of the fact that the records kept by you were not adequate to determine the amount of tax for which you were heretofore liable, which said amended and additional assessments are as shown by copies of returns and assessments hereto attached for the said respective years." The other assessment was for the year 1939, and it and the notice were similar to the above. The order of the Tax Commission simply approved the assessments and stated the amount of the tax due thereon.

The right and duty of the commissioner to make an additional return or assessment of the taxpayer's sales in addition to that returned by him is not dependent on the failure of the taxpayer to keep adequate records, and the only effect of the provision as to inadequate records in Section 6 of the statute is to permit the commissioner, when the taxpayer's records are inadequate, to determine the correctness of the return made by him "from the best information available."

The. Chairman of the State Tax Commission possesses only such powers as are conferred on him by statute expressly or by implication, and he can make an additional sales tax assessment in only such cases as the statute permits. He possesses in this respect a special and limited and not a general jurisdiction. A tribunal or officer exercising a special and limited jurisdiction can act only when the facts exist which invest him with authority to act, and these facts, in their ultimate and essential aspects, here the additional assessment and the grounds for making it, must be disclosed by the order made thereon. The assessment here made by the Chairman of the State Tax Commission sufficiently complies with these requirements, it became thereby prima facie correct, and the taxpayer was given an opportunity both by the Chairman of the Commission and by the Tax Commission itself to negative by evidence the facts on which the assessment was based. The order of the State Tax Commission being simply one approving the assessment made by its chairman, it was not necessary for it to again set forth the facts on which the assessment was made.

Affirmed.