VIATOR *et al. v.* EDWINS, SHERIFF, *et al.*

(Division B.   June 7, 1943.   Suggestion of Error Overruled July 9, 1943.)

[14 So. (2d) 212.   No. 35405.]

**Albert Sidney Johnston Jr.**, of Biloxi, for appellants.

J. H. Sumrall, of Jackson, for appellees.

222

**J. D. Stennis, Jr.,** and **W. L. Guice**, both of Biloxi, for Mississippi Tax Saving Association, amici curiae.

Argued orally by **Albert Sidney Johnston, Jr.**, for appellants, by **J. H. Sumrall**, for appellees, and by **J. D. Stennis, Jr.**, amici curiae.

**Alexander, J.**, delivered the opinion of the court.

Appellant filed his bill for injunction against appellee, who, as sheriff, was proceeding to enforce by execution the judgment affirmed by this court in Viator v. State Tax Commission, 193 Miss. 266, 5 So. (2d) 487, 489. The chancellor set a day for a hearing upon application for temporary injunction. The appellee, however, attacked the bill by demurrer which set up that the bill itself which in meticulous detail disclosed all the steps and proceedings precedent to the final judgment in the above case, and further interposed the defense that such case conclusively settled the law of the present proceeding. The chancellor sustained the demurrer and dismissed the bill. It is

hardly necessary to add that the demurrer did not admit the allegations of the bill as to the irregularity of the former proceedings and as to the invalidity of the judgment, which are mere conclusions of law.

Appellant's contentions are pressed with painstaking industry and earnestness, and we have examined the entire record carefully. It would not be helpful to rehearse the history of this litigation. Appellant discloses in his bill that he has availed of and exhausted every administrative and legal remedy, and we find it necessary only to quote from the opinion in the former case, which, after discussing the powers of the Chairman of the State Tax Commission and the requirements which must be met to make such powers effective, stated: "The assessment here made by the Chairman of the State Tax Commission sufficiently complies with these requirements, it became thereby prima facie correct, and the taxpayer was given an opportunity both by the Chairman of the Commission and by the Tax Commission itself to negative by evidence the facts on which the assessment was based."

The instant proceeding therefore constitutes an attempt to show what might have been shown in the former cause. The contentions here made are identical and represent a continued attack upon the authority of the State Tax Commission and the validity of the former judgment.

Nor does Code 1930, Section 420, justify this injunctive proceeding. Regardless of conditions precedent to the exercise of this right under this section (as to which see Stone v. Kerr, 194 Miss. 646, 10 So. (2d) 845), the taxes against the collection of which the injunction was sought are, in view of our former decision, not "attempted to be collected without authority of law."

Affirmed.