## VIATOR v. STONE et al.

(In Banc. Feb. 24, 1947. Suggestion of Error Overruled March 24, 1947.)

[29 So. (2d) 274. No. 36301.]

488

[29 So. (2d) 658.

490

**Albert Sidney Johnston, Jr.,** of Biloxi, and **W. E. Gore,** of Jackson, for appellant.

**J. H. Sumrall,** of Jackson, for appellees.

**J. H. Sumrall,** of Jackson, for appellees, on suggestion of error.

Argued orally by **Albert Sidney Johnston, Jr.,** and **W. E. Gore,** for appellant, and **J. H. Sumrall,** for appellees.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

This judicial controversy originated when, allegedly, ''on the 23rd day of June 1945 the plaintiff was improperly charged with and required to pay additional sales tax for the years 1937 and 1938'' (quoting from the declaration), by the State Tax Commission. Appellant paid the amount assessed, and thereafter filed in the Circuit Court of Harrison County, wherein he resided, this action to recover the amount so paid. The action was based on the authority of Section 8, Chapter 113, Laws 1938, Section 10122, Code 1942, providing that ''Any person improperly charged with any tax and required to pay the same, may recover the amount paid, together with interest, in any proper action or suit against the Commissioner, and the circuit court of the county in which the taxpayer resides or is located shall have original jurisdiction of any action to cover any tax improperly collected. It shall not be necessary for the taxpayer to protest against the payment of the tax or to make any demand to have the same refunded in order to maintain such suit.''

Appellee pleaded res judicata in defense of the action, exhibiting with the plea, the original order of the State Tax Commission; the final judgment of the Circuit Court of Hinds County; the judgment of this Court affirming the Hinds County Circuit Court judgment; the per curiam of the Supreme Court of the United States dismissing the appeal there from this Court, and denying certiorari, for want of jurisdiction; the decree of this Court affirming that of the Chancery Court of Hinds County; and the per curiam of the Supreme Court of the United States dismissing the appeal from this Court, and denying certiorari, because the decree of this Court was based upon a non-federal ground.

It will be noted, therefore, that this matter has been twice before us. Viator v. State Tax Commission, 193 Miss. 266, 5 So. (2d) 487; Viator v. Edwins, Sheriff, et al., 195 Miss. 220, 14 So. (2d) 212. And twice before the Supreme Court of the United States, Viator v. State Tax Commission, 316 U. S. 644, 62 S. Ct. 1109, 86 L. Ed. 1728; and Viator v. Edwins, Sheriff, et al., 321 U. S. 744, 64 S. Ct. 518, 88 L. Ed. 1047.

The appellant filed a replication, contesting the defense of res judicata. On the pleadings the Circuit Court of Harrison County entered a judgment for appellee. Nothing was before the trial court other than the pleadings, including the certified copies of the orders and judgments, supra, exhibited with appellee's plea of res judicata, and the opinion of this Court, unaccompanied by its record, in 193 Miss. 266, 5 So. (2d) 487. The judgment of the trial court, from which appeal brought the case here again, recited: "This cause coming on to be heard on this day of a regular term of the Circuit Court on the declaration of the plaintiff, the plea of res judicata and exhibits thereto filed by the defendants, and the replication of the plaintiff to said plea, and the court having heard and considered the same, and argument of counsel thereon, is of the opinion that the said plea of res judicata is well taken and should be sustained."

We are of the opinion that in so holding, on what was before the Court and forming the foundation of its judgment, the trial court was in error. Such matter was inadequate to form a sufficient basis to sustain the application of the doctrine of res judicata. This doctrine extends to the judgments of all courts, 30 Am. Jur. Sec. 163, Judgments, p. 909, but is not to be predicated upon administrative action, ibidem, Sec. 164, p. 909. The statute, Sec. 10122, Code 1942, makes the order of the Tax Commission not finally conclusive, and does not require protest against payment, or demand for refund, before the aggrieved taxpayer may file an action to recover a tax with which he was improperly charged. This statute

prevents the application, on the issue of res judicata, of the part of Sec. 164, same topic, 30 Am. Jur., Judgments, p. 909, announcing that "it is clear that the doctrine of res judicata applies to a judgment rendered by a court upon a review of a decision made by an administrative body," unless such judgment were a final judgment rendered by a court of competent jurisdiction on the merits. Only such a judgment can operate as a conclusive determination of a cause of action. Section 172, 30 Am. Jur. 914; Coffman v. Brown, 7 Smedes & M. 125, 15 Miss. 125, 45 Am. Dec. 299; Sec. 201, 30 Am. Jur. 940; Johnson v. Walker, 86 Miss. 757, 39 So. 49, 1 L. R. A. (N. S.), 470, 109 Am. St. Rep. 733; Mosby v. Wall, 23 Miss. 81, 55 Am. Dec. 71.

Parties are precluded from relitigating the same facts, regardless of the form of action. Sec. 178, 30 Am. Jur. 920; Fair et al. v. Dickerson, 164 Miss. 432, 144 So. 238; Agnew v. McElroy, 10 Smedes & M. 552, 18 Miss. 552, 48 Am. Dec. 772. The mere fact that the relief sought is the same in the two actions does not necessarily make the causes of action identical within the meaning of the doctrine of res judicata. Sec. 176, p. 919, ibidem; nor does the fact that a person invokes the juridiction of a court preclude him from questioning its jurisdiction of the subject matter when its judgment is asserted as res judicata. Sec. 201, p. 940; ibidem. The doctrine is not a bar to subsequent action, if the judgment in the former action was rendered because of a misconception of the remedy available or of the proper form of proceeding. Sec. 210, ibidem. Murphy v. Hutchinson, 93 Miss. 643, 48 So. 178, 21 L. R. A. (N. S.) 785; 17 Ann. Cas. 611. All of which brings us down to the sole test here, and that is, was there enough before the trial court from which it could derive authority to sustain the plea of res judicata, as such doctrine was announced, supra, and in Browne v. Merchants Company, 186 Miss. 430, 191 So. 120? In other words, were the judgments exhibited alone sufficient to prove that the merits of the case had been adjudicated in

a court of competent jurisdiction? Unless that were done, it would be beside the point, to consider the number of courts and forms of action the litigation has involved. The determination of that question, furthermore, does not require overruling, in whole or in part, the cases in which the exhibited judgments were rendered, and nothing we say here is to be construed as overruling the prior decisions of this Court in the former litigations between these parties.

It is generally held that the existence and contents of a judgment, sought to be made available as a basis for the application of the doctrine of res judicata, must be proved by offering the record, or a copy thereof, in evidence, Sec. 273, 30 Am. Jur. p. 993. One reason for the rule is that the judgments of trial courts are subject to review, and that in order to review them, a record of the proceedings must be made, for the appellate court, which cannot take judicial notice of the records. Divide Creek Irrigation District v. Hollingsworth, 10 Cir., 72 F. (2d) 859, 96 A. L. R. 937. In Bridgeman et al. v. Bridgeman, 192 Miss. 800, 6 So. (2d) 608, we held that a court cannot, in determination of a particular case, take judicial notice of what was done in any other case, even in the same court, so as thereby to supply facts essential to the support of the particular case out of those shown in the prior case. In Armstrong v. Jones, 198 Miss. 627, 22 S. (2d) 7, involving same court, and same parties, it was held that, generally, an issue whether prior cases between parties involved same issues as present case should be determined on pleadings and proof, and that court could not have recourse to judicial notice in such situation so as thereby to supply facts essential to the support of the particular case out of those shown in the prior case.

This does not mean that in considering previous decisions of this Court, the facts therein set forth may not be compared or contrasted with the facts of a case later being tried, to determine whether there is enough analogy to constitute precedent or stare decisis, law of the case,

relevancy, and so on. Such procedure has no similarity to a resort to the record of facts in a previous case, in order to supply out of them, necessary facts absent from the record of a case, where it is sought to apply the doctrine of res judicata.

Furthermore, we have said that where the record of a decree of a court of competent jurisdiction is offered in evidence, every presumption is to be indulged as to the correctness of the facts on which it is founded, and which appear of record. Hardy v. Gholson, 26 Miss. 70, 4 Cush. 70. And where a decree is relied on as evidence, the proceedings upon which it is predicated must accompany it. Goddard v. Long, 5 Smedes & M. 782, 13 Miss. 782. Compare, also, True-Hixon Lbr. Co. v. Thorne, 171 Miss. 783, 158 So. 909. We have also held that, under some circumstances and conditions, it is proper to show by parol that a former suit, pleaded in bar, was not decided on the merits, Robinson v. Lane, 14 Smedes & M. 161, 22 Miss. 161.

Under the above authorities we have concluded that we cannot determine from the mere pleadings, exhibited copies of the judgments, and our opinion, supra, whether or not the merits of the controversy between the parties here were, or could have been, properly litigated in the other trials, appealed to this Court from the Circuit and Chancery Courts of Hinds County, respectively, supra. And whether or not there was present, at the time, competent jurisdiction to try the cases on the merits of the controversy, or, if so, whether or not this controversy was actually tried on the merits. See Stone, Chairman of State Tax Commission, v. Kerr, 194 Miss. 646, 10 So. (2d) 845. We cannot borrow from the records of those cases the necessary evidence absent from the record here, either by resort to such records for use as evidence in the instant case, or by judicial notice thereof.

This situation is not benefited, in our judgment, by a stipulation in the record agreeing that the opinion of this Court in 5 So. (2d) 487-488, 489, be considered by the Court on the hearing of this cause as evidence on behalf

of the plaintiff below, appellant here. The appellee did not offer the opinion in evidence. It was offered by the appellant, and recourse to that opinion, which is also in 193 Miss. 266, reveals this announcement by the Court: "Whether this order of the State Tax Commission is supported by evidence was not before the court below and is not before us here, for the reason that under Sections 72 and 73, Code 1930, the court to which a case has been removed by a writ of certiorari is 'confined to the examination of questions of law arising or appearing on the face of the record and proceedings.' Federal Credit Co. v. Zepernick Grocery Co., 153 Miss. 489, 120 So. 173; Hamilton v. Long, 181 Miss. 627, 180 So. 615.'' The opinion further states that: ''The assessment here made by the Chairman of the State Tax Commission sufficiently complies with these requirements, it became thereby prima facie correct, and the taxpayer was given an opportunity both by the Chairman of the Commission and by the Tax Commission itself to negative by evidence the facts on which the assessment was based. The order of the State Tax Commission being simply one approving the assessment made by its chairman, it was not necessary for it to again set forth the facts on which the assessment was made.'' It will thus be seen that we cannot determine from the opinion alone, aside from its record, that the trial had there was one on its merits, as the facts were not before the Court, where the case had been brought by a writ of certiorari. This opinion, furthermore, was simply agreed to be considered as in evidence, was not agreed to be conclusive, and does not comply with the rule defining the record of a judgment.

In addition to the other authorities on the subject set out, supra, it was held by this Court in Dogan et al. v. Brown, Ex'r, 44 Miss. 235, that a party claiming a benefit under a decree must produce the entire record of the suit; the decree alone is not sufficient as other parties might show that it was vacated, set aside or reversed, besides it is essential to its validity that the jurisdiction of the

Court over the parties should appear. It was also held in that case: ''Within the scope of the cases cited, the recital of due and legal service made a prima facie case of the notice to the legatees; but not conclusive; for the same cases hold, that other parts of the record may be resorted to, to show what is the actual truth.'' Compare the ''prima facie case'' mentioned in the 5 So. (2d) 487 opinion of this Court with the ''prima facie'' mentioned in the case from which we have just quoted. So, we think that the opinion of this Court referred to in the stipulation of this case, as stated supra, does not reveal enough as it is unaccompanied in the evidence of this case by the record on which it is founded, and is therefore not sufficient to form the basis of the application of the doctrine of res judicata, which requires that a cause be litigated on its merits before it can be used for such a basis.

Section 10122, Code 1942, existing at the time the opinion in 5 So. (2d) 487 was rendered, created a new and special jurisdiction to determine issues arising between a sales taxpayer and the State Tax Commission, and hence was the only court having competent jurisdiction to hear appellant's complaint that he was improperly charged, and decide on the merits whether he was entitled to recover the tax paid or not. The act confers on that court ''original jurisdiction of any action'' to recover any tax improperly collected, with right of appeal to this Court, and hence the court, which heard only a certiorari issue, could not and did not render a judgment on the merits, which authority the Legislature had confided to the Circuit Court of Harrison County in this case, same being the home of appellant. The opinion in 5 So. (2d) does not disclose that this statute was called to the attention of the Court, but does say, as quoted supra, ''whether this order of the State Tax Commission is supported by evidence was not before the court below and is not before us here.''

Therefore, the judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with these views.

Reversed and remanded.

DISSENTING OPINION.

**Griffith, J.**, delivered a dissenting opinion.

In 30 Am. Jur. p. 910, Judgments, Sec. 164, it is said "Wherever a final adjudication by persons invested with power to decide on the property and rights of the citizen is examinable by the Supreme Court, upon a writ of error or a certiorari, such final adjudication may be pleaded as res adjudicata." This text is taken almost literally from Mercein v. People, 25 Wend., N. Y., 64, 35 Am. Dec. 653, the opinion in that case concluding that "in every such case the adjudication may be pleaded as res adjudicata, and is conclusive upon the parties in all future controversies relating to the same matter." See also 2 Freeman on Judgments (5th Ed.), Sec. 826, and the cases under note 6, p. 1757, and 1 Van Fleet on Former Adjudication, p. 251.

And the text first above cited continues further: "It is clear that the doctrine of res adjudicata applies to a judgment rendered by a court upon a review of a decision made by an administrative body," citing in support thereof State Corp. Commission v. Wichita Gas Co., 290 U. S. 561, 54 S. Ct. 321, 78 L. Ed. 500, wherein it was held that the decision of the state courts reviewing the orders of an administrative commission was binding as res adjudicata upon federal courts, and there are many more to the same effect.

But it is argued that our previous adjudications were not upon the full facts,—that the courts did not have before them the additional facts which appellant now proposes to show in this case,—the fourth which has been brought by him. The opinion of this Court in the first

case, which by stipulation was made a part of the record in this case, and is thereby made equal to undisputed proof of what is factually stated therein, recites that ''the assessment here made by the Chairman of the State Tax Commision . . . became thereby prima facie correct, and the taxpayer was given an opportunity both by the Chairman of the Commission and by the Tax Commission itself to negative by evidence the facts on which the assessment was based.''

Although, as thus shown, the Court did not have before it in the first case the full facts which appellant alleges he can now show, the opinion and the facts therein stated do show that appellant had allowed the proceedings before the Tax Commission to progress to the point where upon the facts a prima facie case had been made out against him. Had he then or later without taking the proceedings directly to court—had he then paid the amount demanded, he could have brought his action to recover the payment, and no plea of res adjudicata would have been available. But what the taxpayer did after the prima facie case had been developed against him, good unless met with facts, was to take it to a judicial court, which put him, by his own election, in the same position as if the matter had been a court proceeding all the while and he had rested with meeting the prima case made out against him.

It was precisely the doctrines above stated which this Court recognized in the second appeal brought here by the taxpayer on this same matter, to wit, Viator v. Edwins, Sheriff, 195 Miss. 220, 225, 14 So. (2d) 212, 213, and wherein this Court said after referring to the opinion in the first case: ''We find it necessary only to quote from the opinion in the former case, which, after discussing the powers of the Chairman of the State Tax Commission and the requirements which must be met to make such powers effective,'' quoted that part of the original opinion that '' 'The assessment here made by the Chairman of the State Tax Commission sufficiently complies with these

requirements, it became thereby prima facie correct, and the taxpayer was given an opportunity both by the Chairman of the Commission and by the Tax Commission itself to negative by evidence the facts on which the assessment was based.' '' And the second opinion then continued: ''The instant proceeding therefore constitutes an attempt to show what might have been shown in the former cause. The contentions here made are identical and represent a continued attack upon the authority of the State Tax Commission and the validity of the former judgment.'' And this was the precise ground upon which that opinion and decision was based.

The above quoted language is therefore not only the law of this case, but is so much so that it could be simply repeated here in haec verba as all that is necessary to dispose of this last case, because here the contentions are identical with those made in both the two cases already decided, and is merely another ''attempt to show what might have been shown in the former cause.''

When the facts in a case on a subsequent appeal and the parties are the same, in person or in privity, or when the facts offered to be shown in the subsequent appeal are the same as those offered in the preceding appeal, as is the case now before us, then obviously what was held in the preceding appeal is the law of the case, binding on the court as well as on the parties, and this remains true even though the subsequent appeals were brought about by other form of action. 21 C. J. S., Courts, Sec. 195, p. 340, and the cases there cited.

And, as to the argument that Section 10122, Code 1942, allows an action against the Tax Commission as an exclusive remedy for any tax which, as alleged, has been improperly charged and paid and this without regard to anything else which has transpired; in otherwords, regardless of the fact that by previous proceedings the same matters presented by the later action brought under the cited section have been considered and adjudicated,— an argument with which the controlling opinion appar-

ently agrees,—it is necessary only to note that there are no words in that statute which expressly abrogate the common-law doctrines either as to res adjudicata or the law of the case. In 50 Am. Jur. pp. 340-342, it is said that "where a contrary intent is not manifest, clear, obvious, or inescapable, or explicitly and 'unmistakably indicated by direct, peremptory, and unambiguous language, or where the language of the statute is in the affirmative without any negative, express or implied, it is presumed that no change in the common law was intended and the statute is generally interpreted as affecting no such change. Statutes are not deemed to change a common law rule by implication unless the intention to do so is obvious." And see what we said in our latest case precisely to the same effect, Sanders v. Neely, 197 Miss. 66, at page 82, 19 So. (2d) 424.

It is my conclusion, therefore, that the judgment should be affirmed.

### DISSENTING OPINION.

**Sydney Smith, C. J.,** delivered a dissenting opinion.

I can add nothing to what Judge Griffith has said as to this action being barred under the rule of res judicata, in which I concur. I am of the further opinion, however, that it is also barred under the rule governing the election of remedies. Where a party has the right to resort to either of two inconsistent remedies, regardless of their form or class, he waives one of them by resorting to the other, and is thereby precluded from thereafter resorting to the remedy waived. 28 C. J. S., Election of Remedies, Secs. 1, 2 and 3, pp 1057-1061; 18 Am. Jur., Election of Remedies, Secs. 1, 11 and 12; Watson v. Perkins, 88 Miss. 64, 40 So. 643; Warriner v. Fant, 114 Miss. 174, 74 So. 822; Miller v. Phipps; 161 Miss. 564, 133 So. 128, 137 So. 479.

When the Tax Commission rendered its order approving the assessment here made against the appellant, he had the choice of two remedies, (1) to pay the tax assessed against him and sue for its recovery under Section 10122, Code 1942, or (2) without paying the tax, to have that order reviewed and, if erroneous, set aside by the Circuit Court of Hinds County by means of a writ of certiorari under Section 1207, Code 1942. He elected to and did proceed under the latter. The inconsistency in the two remedies is that under the first he must pay the tax before instituting an action for its recovery, while under the second he may have the order set aside if erroneous without undergoing the inconvenience of paying the tax thereby depriving himself of the use of the money required for that purpose. Section 10122, Code 1942, does not contemplate that a taxpayer before resorting to it may harass the State Tax Commission and its Chairman with lawsuits and appeals, as was here done, before at long last complying with the provisions of the Section and then instituting an action for the recovery of the taxes paid.

While the appellees' plea does not specifically refer to the doctrine of election of remedies, it is implicit therein and should be here applied. The judgment of the court below should be affirmed.

### On Suggestion of Error.

**Roberds, J.**, delivered the opinion of the court on suggestion of error.

Able counsel for appellees have filed a suggestion of error apparently upon the assumption that in our original opinion herein we held that the various prior proceedings pertaining to the subject matter of the present litigation do not and cannot constitute res adjudicata of the questions and issues involved in the case at bar. This is a misconception of the original holding, or, at least, what we intended to hold. We merely decided that the

plea of res adjudicata, in the form and substance as filed and presented in this case, did not sufficiently present to the trial judge, and does not sufficiently present to us, the questions and issues involved in such former proceedings, how they were decided upon the merits, and the power and jurisdiction of the tribunals to pass upon them, as that the court can say those prior proceedings are res adjudicata of the questions and rights of the parties in the present litigation and remanded the case. In the original opinion we said [29 So. (2d.) 274, 276] "All of which brings us down to the sole test here, and that is, was there enough before the trial court from which it could derive authority to sustain the plea of res adjudicata . . . In other words, were the judgments exhibited alone sufficient to prove that the merits of the case had been adjudicated in a court of competent jurisdiction? . . . " We will enlarge upon that question. The burden to properly plead and prove the defense of res adjudicata is upon the one invoking it. 30 Am. Jur. p. 997, Par. 283.

In the present proceedings, Viator, in seven paragraphs, set out a number of reasons why he did not owe the tax, and as grounds for recovering the amount he had paid. We quote, for purpose of illustration, one paragraph from his declaration:

"2. The two additional sales tax assessments made against him, for the years 1937 and 1938, are null and void; they were made without jurisdiction, without statutory authority, contrary to the reasons given in Registered Demand, without evidence, contrary to the indisputable character of evidence offered by taxpayer, without the hearing provided by statute, without a report in writing setting forth a review of the cause and the essential facts of the matter, without a finding of basic fact, supported by evidence, and by comparison with the business of other retail merchants done in the year 1939, one and two years, respectively, later than the period for which taxpayer was attempted to be as-

sessed, and by making the additional assessments purposeively (sic) high to take care whatever the Field representatives of the Commission might be able to find.'' Other questions of fact and legal propositions are raised in the declaration. We will apply to this situation the allegations of the plea.

It first exhibits the order of the Commission. That is not sufficient, first, because the written protest apparently filed by the taxpayer, setting out his contention of non-liability, is not exhibited, nor are the grounds thereof set out in the plea; and, second, because the doctrine of res adjudicata is not to be predicated upon administrative action. 30 Am. Jur. p. 909, Sec. 164.

Next the plea invokes the certiorari proceeding in the circuit court of Hinds County. No statement of fact is made in the plea as to the issues involved. It simply exhibts a copy of the judgment of the court, which order says the court had considered the matter and adjudged Viator liable for the tax.

The plea then sets up the appeal to this Court. It says this Court affirmed the lower court and exhibited a copy of the judgment entered here. The opinion of this Court was admitted by agreement. In that opinion this Court expressly stated that under our practice the court to which a case has been removed by certiorari is confined to an examination of the questions of law arising or appearing on the face of the record. No controversial questions of fact were adjudicated.

The plea then exhibits a copy of the order of the Supreme Court of the United States upon the appeal to that court. That order merely says the appeal was dismissed because no federal question was involved.

Next the plea refers to an injunction proceeding in the chancery court of Harrison County. There is no statement of the issues there involved.

It says that case was appealed to this Court. It sets up only the order of this Court, which simply finds there was no error in the chancery court. It states that case

was appealed to the Supreme Court of the United States and exhibits the order of that Court, which says the appeal was dismissed because no federal question was involved.

It then makes reference to a proceeding in the Federal District Court, but does not state what issues and questions were involved.

We believe it is obvious that this plea did not show the issues and questions involved in the former proceedings and their adjudication by courts having jurisdiction thereof so as to demonstrate that the issues and questions now presented have been adjudicated, especially in view of the fact that the plaintiff filed a replication thereto, and the only proof introduced was opinion of this Court in the certiorari proceeding to which reference has been made above.

We deem it unnecessary for us to undertake to prescribe the form of a plea of res adjudicata. It is necessary that it set out as facts and not as conclusions of the pleader, the issues and questions involved in the former proceeding; show that the court had jurisdiction of the parties and the subject matter, and what the judgment of the court was upon such issues. Naturally, the most accuate way to do that is to exhibit copies of the pleadings and of the judgment, as well as copy of the service of process on defendant, showing him to be properly in court, unless this be shown by the judgment. However, it is not absolutely essential that such copies be exhibited. It is said in 9 Enc. of Pleading and Prac., p. 625 b, ''In pleading a former decision as an estoppel, the former record should be set out, or made part of the pleadings; or at least so much of it as will enable the court to determine whether the same question has been adjudicated in the former suit. But it is unnecessary to set forth in detail the pleadings in the former suit.''

The annotator in 120 A. L. R. at page 150, makes this observation: ''A sufficient pleading setting up an estoppel by a prior adjudication must show that the

earlier judgment was rendered upon the merits of the case, . . . '' citing Miller v. Buckley, 85 Miss. 706, 38 So. 99; Germain v. Harwell, 108 Miss. 396, 66 So. 396. It is further stated by the same annotator at page 152 of said report: ''To this end, the plea must set forth the issues as appearing from the pleadings and judgment in the former suit, at least, in legal effect, and show by setting forth the defense made in the prior action that the merits of the cause were decided. The former judgment, set up as an estoppel, must also have been decided or rendered upon the merits of the case  involved in the second suit. . . . ''

In 30 Am. Jur. p. 993, Par. 274, it is said: ''Ordinarily, questions as to the effect of judgments as res judicata cannot be decided from the judgment alone, but must be determined by the aid of the entire record, and the general rule is that proof of the whole record must be introduced where a party intends to avail himself of a judgment as an adjudication on the subject matter, particularly where it is material to show the premises and grounds on which the judgment is based, or the jurisdiction of the court rendering the judgment. . . . ''

For what is meant by record see Dogan v. Brown, 44 Miss. 235. We conclude the discussion by saying that the plea must show, as facts and not conclusions of the pleader, the questions and issues presented to and their adjudication by the prior tribunal, and the jurisdiction of that court of the parties and the subject matter, in such full and accurate manner as that the trial court can determine whether the issues and parties in the present litigation are the same as in the prior litigation and that such issues were previously adjudicated on their merits.

Suggestion of error overruled.

**Sydney Smith, C. J.,** delivered a dissenting opinion on suggestion of error.

It now appears that all the majority of the Court intended, by its former judgment herein, was to reverse and remand the case, for the reason that the appellee's plea did not disclose sufficient of what occurred in the Circuit Court of Hinds County for the determination of whether the judgment there rendered was res judicata here. I think that plea was sufficient, for it discloses that the record made by the State Tax Commission in the assessment here complained of was removed to the Hinds County Circuit Court by a writ of certiorari under Sec. 1207, Code 1942, resulting in a judgment affirming the order entered by the State Tax Commission making the assessment. Attached as exhibits to this plea were copies of the record of the State Tax Commission making the assessment, and of the judgment of the Hinds County Circuit Court affirming it.

**Griffith, J.**, concurs in this opinion.