### Viator v. Stone.

(In Banc. January 12, 1948. Suggestion of Error Sustained, October 11, 1948.)

[33 So. (2d) 310. No. 36642.]

October 11, 1948.)

[37 So. (2d) 1. No. 36642.]

Albert Sidney Johnston, Jr., of Biloxi, and W. E. Gore, of Jackson, for appellant.

**J. H. Sumrall**, of Jackson, for appellee.

Argued orally by **Albert Sidney Johnston, Jr.**, for appellant.

**Alexander, J.**, delivered the opinion of the court.

Appellant paid under protest a sales tax for the years 1937 and 1938 in the amount demanded by the State Tax

Commission and sues to recover same as having been collected without legal authority. Our law reports disclose the following history of the litigation.

The Chairman of the State Tax Commission, proceeding under Sections 5 and 6, Chapter 113, Laws of 1938, made assessment of Viator for sales tax liability. Upon appeal to the Commission itself the assessment was allowed to stand. Appeal was taken to the Circuit Court of Hinds County by certiorari, whereupon the order of the Commission was affirmed. This Court upon appeal affirmed the latter judgment. Viator v. State Tax Commission, 193 Miss. 266, 5 So. (2d) 487.

The Commission thereupon had execution issued to collect the tax and same was placed in the hands of the Sheriff of Harrison County. Appellant sought injunction against the Sheriff. Demurrer to the bill was sustained upon the ground that the order of the Commission was authorized and valid and that the taxpayer had had full opportunity to be heard before that body. We affirmed. Viator v. Edwins, 195 Miss. 220, 14 So. (2d) 212.

Appellant then paid the tax and sued to recover. Code 1942, Sec. 10122. Plea of res adjudicata was interposed and sustained by the trial judge. We reversed upon the ground that, aside from the merits of the case or the sufficiency of a proper plea, the defense was not adequately presented by the incomplete recitals and exhibits, and we were unable to determine whether a former judgment upon the merits had been disclosed. Viator v. Stone, 201 Miss. 487, 29 So. (2d) 658.

The instant case presents a record which contains a complete history of this litigation, and all orders and judgments were made exhibits to the plea of res adjudicata. From a judgment of the trial court sustaining the plea this appeal is presented.

When the foregoing chronicle of litigation is seen in connection with unsuccessful appeals to the Supreme Court of the United States an impression may readily be

gained that a contention that appellant had his day in court may appear as understatement. Yet the fact that appellant had unsuccessfully tried to escape liability by several locked doors, need not of itself deny him egress by the only available avenue. Code 1942, Sec. 10122, furnishes the only means whereby liability may be adjudged upon the merits by a court of competent jurisdiction. That he has drawn heavily upon patience and persistence in seeking appropriate remedy may be credited to his industry without being charged against his substantive rights. Viator v. Stone, supra.

The basis of the plea of res adjudicata is a former hearing and judgment involving the merits. The only opportunity thus far vouchsafed appellant was the hearing before the State Tax Commission. Yet the plea may not rest upon mere administrative action. Viator v. Stone, supra. Regardless of the difficulties which beset the Commission in making its assessment and the opportunity of the taxpayer to be there heard, these complex proceedings culminated in an order of an administrative body.

The proceeding by certiorari was not such hearing upon the merits. We said in Viator v. State Tax Commission [193 Miss. 266, 5 So. (2d) 488], supra, "Whether this order of the State Tax Commission is supported by evidence was not before the court below and is not before us here, for the reason that under Sections 72 and 73, Code 1930, the court to which a case has been removed by a writ of certiorari is 'confined to the examination of questions of law arising or appearing on the face of the record and proceedings'. "

Nor was the injunction suit against execution of the Commission's order, which was dismissed upon demurrer, a hearing upon the merits.

The subsequent litigation was the first opportunity for the taxpayer to adjudicate the merits of his liability before a court of competent jurisdiction. Upon the first appeal the cause was reversed because the plea did not fully set forth the sources by which this test was to be

applied. Upon rémand a complete record was made and we are compelled to hold that the plea as amended fails to reveal a prior judgment between the same parties involving the merits of the controversy. Viator v. Stone, supra. The objection to the plea ought to have been sustained.

Reversed and remanded.

## ON SUGGESTION OF ERROR.

McGehee, J., delivered the opinion of the court on suggestion of error.

Pursuant to the authority of Sections 10120, 10121 and 10122, Code 1942, relating to additional assessments of sales taxes by the State Tax Commission where there is an alleged failure to preserve adequate records of gross income, gross receipts, or gross proceeds of sales by any person engaged in any business for which a privilege tax is imposed by such sales tax law, there was such an additional assessment made by the State Tax Commission for the years of 1937 and 1938 against the appellant, Eddie J. Viator, in excess of $3,000.00, and this Court held in the case of Viator v. State Tax Commission, 193 Miss. 266, 5 So. (2d) 487, 489, that the assessment sufficiently complies with requirements of the foregoing Code sections, and that "it became thereby prima facie correct, and the taxpayer was given an opportunity both by the Chairman of the Commission and by the Tax Cimmission itself to negative by evidence the facts on which the assessment was based."

Section 10122, Code 1942, supra, provides, among other things, that if any person feels aggrieved by such additional assessment, and who has been "improperly charged with any tax and required to pay the same, may recover the amount paid, together with interest, in any proper action or suit against the Commissioner, and the circuit court of the county in which the taxpayer resides or is

located shall have original jurisdiction of any action to cover (evidently meaning recover) any tax improperly collected.'' Such payment is not required to be made under protest in order to entitle the taxpayer to sue under this statute.

The question now before us on this suggestion of error (and to which our attention has not been specifically directed heretofore on any of the several appeals in suits filed subsequently to the rendition of the decision in Viator v. Stone, infra, as shown in the cases of Viator v. Edwins, sheriff, etc., 195 Miss. 220, 14 So. (2d) 212; Viator v. Stone, Chairman of State Tax Commsision, 201 Miss. 487, 29 So. (2d) 274, 658, including the original presentation of this one as reported in 33 So. (2d) 310 and involving the alleged right of the taxpayer to recover the money paid by him pursuant to the final judgment of this Court rendered in the case of Viator v. State Tax Commission, supra) is whether or not the said Section 10122 has any application to the suit that is now sought to be maintained by the taxpayer in the Circuit Court of the County of his residence.

After the hearings before the Tax Commission which are mentioned in the opinion of this Court in Viator v. State Tax Commission, 193 Miss. 266, 5 So. (2d) 487, supra, when using the language hereinbefore quoted, were had, the taxpayer did not pay the amount of such additional assessment, as required by the order of the Commission, and then file his suit in the Circuit Court of the County of his residence to recover the same, but instead of doing so he prosecuted an appeal from the said assessment to the Circuit Court of Hinds County, wherein the office of the State Tax Commission is maintained. This appeal was by certiorari, and, of course, involved the question of whether or not the assessment was valid and the taxpayer liable for the tax on the face of the record of the proceedings had before the Tax Commission under the law involved.

On the hearing in the Circuit Court the assessment was approved and affirmed and a judgment was duly rendered against the appellant Viator and the sureties on his appeal bond for the amount thereof, together with the interest and penalties provided for and costs. An appeal was prosecuted from that judgment under a supersedeas bond to this Court, where the said judgment was duly affirmed as reported in the case of Viator v. State Tax Commission, cited in the last preceding paragraph, and a judgment was duly entered by this Court against the appellant and his sureties on that appeal bond for the full amount involved, together with five percent damages thereon, as allowed by statute for an unsuccessful appeal in such cases, and the interest which had accrued in the meantime, as well as the costs of the said appeal here.

An appeal from that judgment of this Court was prosecuted to the Supreme Court of the United States and was, in effect, affirmed, the said Federal Supreme Court having denied certiorari, 316 U. S. 644, 62 S. Ct. 1109, 86 L. Ed. 1728, on the ground that no federal question was involved, that is to say, that Court likewise rejected the contention of the taxpayer as to the unconstitutionality of the Sales Tax Law as applied to him in the action and procedure adopted by the State Tax Commission, leading up to and including the making and entry of the assessment complained of, and in effect held that there had been no denial of due process of law.

However, there followed the suit of Viator v. Edwins, Sheriff et al., supra, wherein this Court reaffirmed what had been said in Viator v. State Tax Commission, 193 Miss. 266, 5 So. (2d) 487, and among other things stated [195 Miss. 220, 14 So. (2d) 213], ''The instant proceeding therefore constitutes an attempt to show what might have been shown in the former cause. The contentions here made are identical and represent a continued attack upon the authority of the State Tax Commission and the validity of the former judgment.'' (Meaning the former

judgment rendered by this Court in the case of Viator v. Stone, last above mentioned).

The suit by the taxpayer against the said Edwins, Sheriff, above mentioned, was in the Chancery Court to enjoin the collection of the final judgment of this Court, and in holding on appeal here that such a suit could not be maintained we said that "the taxes against the collection of which the injunction was sought are, in view of our former decision, not 'attempted to be collected without authority of law.' " That suit was not, of course, one brought under Section 10122, Code 1942, to recover any amount paid either to the Commissioner or in satisfaction of the final judgment of this Court; that is to say, it was on the other hand a suit to prevent the collection of the amount due under the judgment rendered by us.

There was also an appeal to the Supreme Court of the United States from the decision in Viator v. Edwins, supra, but with no avail to the taxpayer.

At some time during the several intervening years since the making of the said additional assessment it appears that the taxpayer has also litigated the matter with the Tax Commission in the Federal District and Circuit Court of Appeals and without success.

Following the last of the said appeals to the Supreme Court of the United States, the appellant on June 23, 1945, paid the final judgment rendered in Viator v. State Tax Commission, 193 Miss. 266, 5 So. (2d) 487, supra, including the five percent damages and interest added to the judgment of the Circuit Court therein appealed from. The declaration herein alleges that "on the 23rd day of June, 1945, plaintiff was improperly charged with and required to pay additional sales tax for the years 1937 and 1938 in the sum and amount of $3,818.77," whereas it appears from the record made on the hearing of the plea of res adjudicata he was required to pay instead a judgment of this Court in said amount, and is not in position to say that he was improperly charged therewith on the

alleged ground that the taxes theretofore assessed were "unlawful, illegal and unconstitutional."

After paying the judgment aforesaid, the appellant filed the present suit in the Circuit Court of Harrison County, where he resides, not for the purpose of recovering an amount paid pursuant to Section 10122, Code 1942, supra, as aforesaid, in discharge of the order of assessment made by the State Tax Commission, but rather in discharge of the said final judgment rendered by this Court—a liability which he and the sureties on his appeal bond in that case had obliged themselves by contract to satisfy in the event of an adverse decision on the said appeal.

At any rate, we have reached the conclusion after a careful consideration of the question now before us that any right growing out of this additional assessment that the taxpayer may have had under Section 10122, supra, to sue the Commission has been merged into the judgment rendered by the Circuit Court of Hinds County on certiorari and the judgment of affirmance thereof by this Court; that the judgment then rendered by this Court is binding upon the appellant because of its finality, whether correct or not on the issue of liability involved; that the said judgment existed as a valid asset belonging to the State until fully paid and satisfied; and that this Court has had no power to disturb or recall the same at any time since we overruled the suggestion of error in the case and our action in so doing was affirmed by the Supreme Court of the United States.

To construe Section 10122, supra, so as to permit the recovery herein sought would lead to results that were unthought of when this statute was enacted whereby the right to sue the State Tax Commission for a refund was granted. The appellant for several years superseded the right of the Tax Commission to enforce the collection of the assessment, and saw fit to test his liability under the law, instead of on the facts, until such time as his right to

have the factual issue determined had become merged into the final judgment against him.

It, therefore, follows that the suggestion of error must be sustained and the action of the Circuit Court of Harrison County in sustaining the plea of res adjudicata to the present suit, and dismissing the same, should be affirmed.

Suggestion of error sustained.