360 So.2d 1200 (1978)
STANDARD OIL COMPANY
v.
Jamie W. HOWELL, Sr., Motor Vehicle Comptroller of the State of Mississippi.
No. 50253.
Supreme Court of Mississippi.
May 17, 1978.
Rehearing Denied August 9, 1978.
Watkins & Eager, Thomas H. Watkins, Cox & Dunn, Vardaman S. Dunn, Jackson, for appellant.
Daniel, Coker, Horton, Bell & Dukes, Curtis E. Coker, John B. Clark, Jackson, for appellee.
Before ROBERTSON, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
The Motor Vehicle Comptroller of the State of Mississippi entered an order on July 18, 1973, after an evidentiary hearing, requiring Standard Oil Company to pay to the State of Mississippi the sum of one hundred ninety-eight thousand five hundred forty-three dollars twenty-six cents ($198,543.26), tax and penalty on diesel fuel, pursuant to Mississippi Code Annotated Section 27-55-331 (1972). On appeal, the Chancery Court of Hinds County reversed and vacated the order of the Comptroller, the Mississippi Supreme Court reversed and reinstated the Comptroller's order [Sharpe v. Standard Oil Co., 322 So.2d 457 (Miss. 1975)], and the United States Supreme Court denied certiorari. The mandate from this Court ordered that the decree of the chancery court rendered in said cause on the 14th day of March, 1974, be reversed and the order of the Motor Vehicle Comptroller be reinstated.
Standard Oil Company paid the tax and interest accrued in the sum of one hundred sixty-seven thousand seven hundred forty-one *1201 dollars nineteen cents ($167,741.19), but declined to pay the penalty amount of thirty thousand eight hundred two dollars seven cents ($30,802.07). Instead, a petition for waiver of penalty was filed with the Comptroller in accordance with Mississippi Code Annotated Section 27-55-331 (1972), which section follows:
"When any distributor of other motor fuel or other person shall fail to file his or its monthly report with the comptroller on or before the time fixed in this article for the filing thereof, or when such distributor or other person shall fail to pay to the comptroller the amount of taxes due this state when the same shall become due and payable, a penalty of five percent of the principal tax shall immediately accrue if the failure is for not more than thirty days; and for each additional thirty days, or fraction thereof, during which the failure shall continue an additional five percent penalty of the principal tax shall immediately accrue; provided, however, that all such penalties shall not exceed twenty percent in the aggregate of the principal tax, unless the failure is willful, or willful intent exists to defraud this state of any tax due under this article, in which event a special penalty of fifty percent of the principal tax due shall be assessed; and thereafter, said tax and penalty shall bear interest at the rate of six percent per annum until paid.

Notwithstanding anything to the contrary contained in this section, the comptroller shall have the authority to waive any penalty in an amount not to exceed one hundred dollars, or in any amount in excess thereof, with the written approval of the attorney general of this state, when it is shown to the satisfaction of the comptroller that there was no willful intent to violate this article." (Emphasis added).
After the petition for waiver of penalty was filed, the Motor Vehicle Comptroller made a factual determination that Standard Oil Company did not willfully refuse to pay the tax, and the Attorney General of Mississippi gave his written consent and approval for waiver of the penalty. The Comptroller further indicated that he would exercise his authority to waive the penalty, but that he had no jurisdiction to do so and the petition was denied. On appeal to the Chancery Court of Hinds County, the chancellor sustained the Comptroller and held that the former hearing and order was res judicata of the waiver question.
Standard Oil Company contends on appeal to this Court:
(1) The chancery court erred as a matter of law, in concluding that the Motor Vehicle Comptroller had no jurisdiction to waive the penalty involved by reason of the judgment of the Supreme Court of Mississippi on the former appeal from the Comptroller's assessment of the tax and penalty in this case.
(2) Since the Comptroller found as a fact that there was no willful intention to violate the law in the nonpayment of the tax by appellant when due, and since the application for waiver had been approved in writing by the Attorney General of the State of Mississippi, the chancery court must apply the law to the facts, as such facts existed at the time of the application for waiver.
(3) The chancery court erred in applying the theory of res judicata to the application for waiver of penalty and the interest thereon.
(4) The chancery court erred in affirming the order of the Comptroller and in failing to order a waiver of the penalty.
The question before the Court here upon undisputed facts, regardless of the assignments of error, is one of law and, simply stated, is whether or not the decision and judgment rendered by this Court in Sharpe v. Standard Oil Company, supra, now preclude waiver of the statutory penalty under the above Section 27-55-331 and the doctrine of res judicata.
Prior to, and at the time of, the evidentiary hearing before the Comptroller, appellant did not avail itself of the statutory provision that the Comptroller has authority *1202 to waive any penalty with the written approval of the Attorney General of Mississippi when it is shown to his satisfaction there was no willful intent to defraud the state of any tax due under the section. Courts cannot speculate on the trial strategy of parties. Appellant chose to take the position, and stand on it, that the tax was not due. The matter was litigated from the Comptroller's office to the United States Supreme Court on that question. Appellant now claims that, since the statutory penalty automatically accrued as an incident to the underlying tax, no penalty issue was in litigation or dispute. Therefore, appellant concludes, waiver is an issue of administrative discretion, and not the subject of judicial control.
In Sharpe v. Standard Oil Company, supra, the opinion referred to "taxes and penalties in the amount of $198,532.26." The penalty accrued automatically with the tax assessment and whether the refusal to pay the tax was willful became an issue, if appellant desired to claim the waiver. Appellant did not show there was no willful intent to violate the statute and the Comptroller had no authority to waive the penalty.
The judgment of a court is conclusive not only as to the questions actually contested and determined, but as to all matters which might have been litigated and decided in that suit. Pray v. Hewitt, 254 Miss. 20, 179 So.2d 842 (1965); Sharp v. Learned, 195 Miss. 201, 14 So.2d 182 (1943). The requisites for application of the doctrine of res judicata are: (1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of the persons and parties to the action, and (4) identity of the quality in the persons for and against whom the claim is made. Pray v. Hewitt, supra. Those elements are present here.
In Sharp v. Learned, supra, the following was stated:
"It has long been a cherished policy in this State, and to which its citizens are required to give allegiance, that all questions or issues germane to any principal issue in litigation between the parties shall be settled, if possible, in one and the same suit, and this is particularly true as respects our court of equity... ." 195 Miss. at 219, 14 So.2d at 222.
We hold that the decision and judgment of this Court requiring the order of the Motor Vehicle Comptroller to be reinstated constitute a judgment against Standard Oil Company in the sum of $198,543.26, which includes taxes, penalty and interest.
Appellant appealed from the Comptroller's order with supersedeas. The bond provided that, if the cause be affirmed, Standard Oil Company would pay all judgments entered by the court. The supersedeas bond on appeal to the United States Supreme Court contained similar conditions and provisions.
In Viator v. Stone, 203 Miss. 109, 37 So.2d 1 (1948), two additional assessments for sales taxes were made by the Chairman of the State Tax Commission. The taxpayer appealed to the circuit court upon the question of whether the commissioner had wrongfully made the assessments. The circuit court affirmed and Viator appealed to this Court, where the judgment was affirmed and entered here. Viator then appealed to the United States Supreme Court and certiorari was denied. He paid the tax and sued for a refund. In denying that Viator had any rights to relief, this Court said:
"After paying the judgment aforesaid, the appellant filed the present suit in the Circuit Court of Harrison County, where he resides, not for the purpose of recovering any amount paid pursuant to Section 10122, Code 1942, supra, as aforesaid, in discharge of the order of assessment made by the State Tax Commission, but rather in discharge of the said final judgment rendered by this Court  a liability which he and the sureties on his appeal bond in that case had obliged themselves by contract to satisfy in the event of an adverse decision on the said appeal.
At any rate, we have reached the conclusion after a careful consideration of the question now before us that any right growing out of this additional assessment that the taxpayer may have had under *1203 Section 10122, supra, to sue the Commission has been merged into the judgment rendered by the Circuit Court of Hinds County on certiorari and the judgment of affirmance thereof by this Court; that the judgment then rendered by this Court is binding upon the appellant because of its finality, whether correct or not on the issue of liability involved; that the said judgment existed as a valid asset belonging to the State until fully paid and satisfied; and that this Court has had no power to disturb or recall the same at any time since we overruled the suggestion of error in the case and our action in so doing was affirmed by the Supreme Court of the United States." 203 Miss. at 119, 37 So.2d at 3.
We hold that the State of Mississippi acquired a valuable vested right in the judgment of this Court entered in Sharpe v. Standard Oil Company, supra, and that the Comptroller has no authority or jurisdiction to waive or remit any part of that judgment. Consequently, the judgment of the chancery court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., ROBERTSON, P.J., SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.